**In re The LIONEL CORPORATION, Lionel Leisure, Inc., Consolidated Toy Company, Debtors.**

**Bankruptcy Nos. 82 B 10318–82 B 10320.**

United States Bankruptcy Court, S. D. New York.

Sept. 24, 1982.

Harris D. Leinwand, New York City, for Mauser Playworld Associates.

Angel & Frankel, and Olwine, Connelly, Chase, O'Donnell, & Weyher, New York City, for debtors.

## DECISION AND ORDER ON MOTION OF LEW MAUSER, CHARLES MAUSER AND NORMAN MAUSER, d/b/a MAUSER PLAYWORLD ASSOCIATES

EDWARD J. RYAN, Bankruptcy Judge.

On February 19, 1982, Lionel Leisure, Inc. ("Lionel") and related companies filed voluntary petitions [1] for reorganization under Chapter 11 of the Bankruptcy Code. The debtors were continued in possession of their property as debtors in possession and are operating their business and managing their property pursuant to Sections 1107 and 1108 of the Code.

On March 24, 1982, Lew Mauser, Charles Mauser and Norman Mauser, doing business as Mauser Playworld Associates ("Mauser")

1. The cases are being jointly administered pursuant to an order of this court dated March 4, 1982.

caused to be filed a notice of motion seeking relief against Lionel. Mauser is the successor in interest of the landlord for certain premises located at 1722 Military Trail North, West Palm Beach, Florida, wherein Lionel is the successor in interest of the tenant.[2]

Mauser's motion seeks, *inter alia,* the entry of an order by this court directing Lionel to pay forthwith all administration expenses due and owing to Mauser and terminating the lease between Mauser and Lionel or, alternatively, if the court does not enter an order terminating the lease, Mauser seeks an order fixing a date by which Lionel must either assume or reject the lease pursuant to Section 365(d)(2) of the Bankruptcy Code.

The first part of Mauser's application is premised on the allegation that Lionel has defaulted both pre-petition and post-petition on certain provisions of the lease. However, as pointed out by Lionel in both its response to Mauser's motion and its memorandum of law, it is premature to require Lionel to satisfy alleged pre-petition obligations. Lionel need not satisfy pre-petition obligations until it makes a determination to assume the lease in accordance with Section 365(a) of the Code. Furthermore, Mauser's motion seeking relief with respect to the recovery of money, the recovery of property, and the determination of an interest in property is procedurally defective. Such relief is appropriate only in the context of an adversary proceeding. *See, Rules of Bankruptcy Procedure,* Rule 701 and Interim Rule 7001. Mauser, in effect, acknowledges this procedural defect in his memorandum of law.

Turning, however, to that portion of Mauser's application seeking payment of use and occupation and an order fixing the date by which Lionel must either assume or reject the lease, the court notes a stipulation entered into between the debtor in possession and Mauser, and "So Ordered" by this court on July 28, 1982. Said stipulation provides for the payment of use and occupation by Lionel and acceptance of same by Mauser, such acceptance not to be deemed a waiver by Mauser of any of its rights or defenses. Thus, the sole issue properly before the court is whether the debtor in possession should be directed to either assume or reject the lease pursuant to Section 365 of the Code.

Section 365(d)(2) of the Code provides, in pertinent part, that:

> "... the court, on request of any party to such contract or lease, may order the Trustee to determine within a specified period of time whether to assume or reject such contract or lease."

The "specified period of time" in Section 365(d)(2) is a "reasonable time",[3] such time to be determined by the facts and circumstances of each case. 2 Collier on Bankruptcy ¶ 365.03[1] (15th ed. 1979).

In *Matter of Midtown Skating Corp.,* 3 B.R. 194 (Bkrtcy.S.D.N.Y.1980),[4] a lessor brought a motion similar to the one herein seeking to compel the debtor-lessee to assume or reject an executory lease within a certain time. The court, in determining what a reasonable time should be, considered certain factors, including "the nature of the interests at stake, the balance of hurt to the litigants, the good to be achieved, the safeguards afforded these litigants, and whether the action to be taken is so in derogation of Congress' scheme that the court may be said to be arbitrary." *Midtown Skating Corporation, supra,* at 198. The Midtown Court held that the

---

**2.** The lease, where Mauser and Lionel are successors in interest, is dated March 3, 1969, as thereafter modified and amended (hereinafter, the "lease").

**3.** *Philadelphia Company v. Dipple,* 312 U.S. 168, 61 S.Ct. 538, 85 L.Ed. 651, 44 AM. B.R.(N.S.) 687 (1941).

**4.** Although this case was decided under the former Bankruptcy Act, the principles enunciated therein concerning "reasonableness of time" to assume or reject an executory contract or unexpired lease remain viable under the Code.

debtor should not be expected to "jump too soon in this complex matter" and denied the lessor's motion.

Lionel argues that in light of the magnitude of its real estate holdings[5] and the necessity for a special real estate consultant,[6] authorized by this court to evaluate and make recommendations with respect to the disposition of said real estate holdings, the debtor needs additional time to make a decision concerning assumption or rejection of this particular lease.

However, since the appointment of the real estate consultant, more than four months have elapsed. Although there are approximately ninety leaseholds being reviewed by Stone-East, this landlord has made diligent application for review of its particular premises. Since the landlord is vigorously prosecuting its rights, it is entitled to direct attention to its application. Considering all of the factors set down in *Midtown,* this court determines that the debtor and its consultants have had ample opportunity to address the issues concerning the premises in question.

Therefore, the debtor is directed to make a motion pursuant to Section 365 of the Code to assume or reject the lease at issue herein returnable not later than twenty days after the date of this decision.

It is so ordered.

---

**5.** The real estate holdings of Lionel consist of in excess of ninety premises.

**6.** The real estate consultant retained by the debtor pursuant to order signed on April 9, 1982, is Stone-East Associates, Inc. ("Stone-East").