In re GIANT MARKETS, INC. (jointly administered with) Giant Markets, Inc. of Pa. and Morris L. Hodin, Joseph S. Hodin, William Hodin, Jack Hodin, Co-Partners, t/a Giant Markets, Debtors.

STROUD SHOPPING CENTER CO., Plaintiff,

v.

Morris L. HODIN, Joseph S. Hodin, William Hodin & Jack Hodin, Co-Partners t/a Giant Markets, Inc., Defendants.

In re Application of Marvin L. SLOMOWITZ and Investor Realty Associates.

Bankruptcy Nos. 5–82–00264, 5–82–00263 and 5–82–00262.
Adv. No. 5–82–0474.

United States Bankruptcy Court, M.D. Pennsylvania.

March 21, 1983.

Pace Reich, Philadelphia, Pa., for debtors.

Barry E. Bressler, Philadelphia, Pa., for Investor Realty & Slomowitz.

Charles P. Eyer, Stroudsburg, Pa., for Stroud Shopping Center.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

In this action three lessors have applied to the court for an order directing the Chapter 11 debtor to assume or reject three separate leases of real property upon which the debtor operates supermarkets. For the reasons stated herein we grant the relief requested.

## FINDINGS OF FACT

1. The debtor filed for relief under Chapter 11 of the Bankruptcy Code (the Code) on April 5, 1982.

2. The Stroud Shopping Center Co., lessor of the debtor's store in Stroudsburg, filed a complaint for assumption or rejection of this lease on September 9, 1982.

3. Investors Realty Associates and Marvin L. Slomowitz, lessors of the debtor's stores in Honesdale and the Pittston Plaza, respectively, filed applications for assumption or rejection of their leases on October 22, 1982.

4. Each of the three leases provides for the payment of a set monthly rental, certain miscellaneous charges, and a percentage of annual gross sales which is payable annually. The annual percentage of the Stroudsburg lease is due May 15th each year while the Honesdale and Pittston Plaza percentages are due November 15th.

5. The debtor has not paid the percentage rent of these leases since the commencement of bankruptcy.

6. Since the commencement of bankruptcy the debtor has been paying the set monthly rental fee on the last date of each month or thereafter, although the leases require payment of the rent no later than the first of the month.

## DISCUSSION

 In a Chapter 11 case a party to an unexpired lease can request the court to order the debtor to determine within a specific time whether it will assume or reject that lease. 11 U.S.C. § 365(d)(2). This section states as follows:

(2) In a case under chapter 9, 11 or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of the debtor at any time before the confirmation of a plan, but the court, on request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.

As used in a debtor-in-possession case, such as the one at bar, the statutory references to the "trustee" are deemed references to the "debtor." 11 U.S.C. § 1107; H.R.Rep. 95–595, 95th Cong., 1st Sess. 404, *reprinted in* 1978 U.S.Code Cong. & Ad.News, 5787, 6360. Since the commencement of bankruptcy the debtor has failed to pay timely his monthly rental on these three leases and has also failed to pay the lessors their percentage rentals on gross sales. We find that the debtor has had sufficient time to determine if it should assume or reject the leases. In light of this fact, we will direct the debtor to determine whether it will assume or reject these leases by April 4, 1983. We find this period of time reasonable considering the "nature of the interests at stake, the balance of hurt to the litigants, the good to be achieved" and "the safeguards afforded these litigants...." *In Re Midtown Skating Corp.,* 3 B.R. 194, 198 (Bkrtcy.S.D.N.Y.1980); *In Re Lionel Corp.,* 23 B.R. 224, 225 (Bkrtcy.S.D.N.Y. 1982).

Since the leases are currently in default the debtor may not assume them unless it:

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease.

§ 365(b)(1). This mandate includes payment or assurance of payment of all arrear-

ages of the monthly rental obligations and the annual percentage rentals which are currently due under the terms of the leases for both prepetition and postpetition periods. Furthermore, assumption of the leases must comply with § 365(b)(3) since this section provides for adequate assurance of future performance of leases of real property in shopping centers.

## CONCLUSION OF LAW

1. The debtor shall determine by April 4, 1983, whether it will assume or reject each of the three leases.