**In re RAM MANUFACTURING, INC., Ampro Corporation, Debtors.**

**Samuel ALPER, Trustee [1], Plaintiff,**

**v.**

**Raphael Alex MEYER, Sybel B. Meyer, Defendants.**

**Bankruptcy Nos. 83–00101G, 83–00102G. Adv. No. 83–2216G.**

United States Bankruptcy Court, E.D. Pennsylvania.

May 7, 1985.

---

1. We appointed Sam Alper as trustee but on his death we designated Fred Zimmerman as successor trustee.

Donald M. Collins, Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for the successor trustee, Fred Zimmerman.

Thomas B. Rutter, Rutter, Turner & Stein, Philadelphia, Pa., for defendants, Raphael Alex Meyer and Sybel B. Meyer.

Fred Zimmerman, Pennsauken, N.J., Successor trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The dispute in this adversary action is whether we should grant the trustee's motion to disqualify his opposing counsel from representing the defendants because of an alleged conflict of interest where the defendants are principals in the debtor corporation. During the pendency of this reorganization proceeding but prior to the appointment of the trustee, opposing counsel had represented the debtor in possession and its principals as defendants in a virtually identical law suit instituted by the United States. For the reasons outlined below, we will grant the motion to disqualify opposing counsel.

We summarize the facts of this conflict as follows:[2] The United States commenced a civil action against Ram Manufacturing, Inc. ("the debtor") and Raphael A. Meyer and his wife ("the Meyers"), who were two principals in the debtor corporation. The gravamen of the action was that the United States had advanced funds to the debtor under a manufacturing contract with it and that these funds were allegedly misappropriated by the Meyers. In that action, the debtor and the Meyers were represented by Thomas B. Rutter, Esquire ("Rutter"), who is the object of the motion for disqualification currently before us.

The debtor filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code"). A week later the debtor applied for the appointment of a trustee which relief we granted. After the filing of the petition but before the appointment

---

**2.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

of the trustee, Rutter continued serving as counsel to the debtor and the Meyers. Several months later the trustee instituted suit against the Meyers for misappropriating the debtor's funds which were received under the contract with the United States. As to the Meyers, the trustee's suit is essentially identical to the one lodged by the United States.

The trustee filed the motion at issue requesting Rutter's disqualification from representing the Meyers in the instant law suit due to a conflict of interest. The trustee, as the current representative of the debtor's estate, asserts that while Rutter represented the debtor during its status as debtor in possession, he obtained confidential information from the debtor about the suit with the United States which will compromise the trustee's ability to prosecute his virtually identical action against the Meyers. Thus, at the institution of the reorganization proceedings, Rutter represented the estate of the debtor in possession until he was superseded by the trustee. Although his representation of the Meyers remained unchanged during this shift, instead of being aligned with the debtor as he was on the filing of the reorganization petition, Rutter now stands in opposition to the debtor in the trustee's suit against the Meyers.

■■■■ The federal courts have inherent power to regulate the admission, practice and discipline of attorneys. *See, e.g.; First Wis. Mtg. Trust v. First Wis. Corp.*, 571 F.2d 390, 396 (7th Cir.1978). In appropriate instances this power may be used to disqualify an attorney from representing a client on the basis of a conflict of interest. *See, e.g., U.S. v. Kitchin*, 592 F.2d 900 (5th Cir.1979) *cert. den.* 444 U.S. 843, 100 S.Ct. 86, 62 L.Ed.2d 56 (1979). As with many areas of the law the adjudication of a motion to disqualify counsel must not be based solely on the concerns of the litigants, but must also be resolved with an eye toward the interests of the public in avoiding misfeasance and the appearance of impropriety in litigation. *Government of India v. Cook Industries, Inc.*, 569 F.2d

737 (2d Cir.1978); *In Re Corrugated Container Antitrust Litigation*, 659 F.2d 1341, 1348 (5th Cir.1981).

■■■ The Code of Professional Responsibility for lawyers prohibits counsel from simultaneously representing adverse clients in litigation. *See, e.g.* Pennsylvania Code of Professional Responsibility, D.R. 5–105 (1977). This axiomatic rule has evolved so that a lawyer may not represent an adversary of his former client if the subject matter of two representations are "substantially related." The courts have held that this condition exists "if the lawyer could have obtained confidential information in the first representation that would have been relevant in the second. It is irrelevant whether he actually obtained such information and used it against his former client...." *Analytica, Inc. v. NPD Research, Inc.*, 708 F.2d 1263, 1266 (7th Cir.1983). The United States Court of Appeals for the Third Circuit "has adopted the position an attorney should be disqualified if he may have acquired material that is substantially related to his disputed representation in the course of a prior employment." *Akerly v. Red Barn System, Inc.*, 551 F.2d 539, 544 n. 12 (3d Cir.1977); *In Re Royal Bedding Co.*, 42 B.R. 257, 260 (Bankr.W.D.Pa.1984). In fact, once an attorney-client relationship is established, a presumption arises that confidential information was conveyed to the attorney in the prior matter. *Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp.*, 518 F.2d 751 (2d Cir.1975). Some courts have held that the presumption is irrebuttable. *See, e.g. Duncan v. Merrill, Lynch*, 646 F.2d 1020, 1028 (5th Cir.1981), *cert. den.*, 454 U.S. 895, 102 S.Ct. 394, 70 L.Ed.2d 211 (1981). Doubts as to the existence of the asserted conflict of interest should be resolved in favor of disqualification. *International Business Mach. Corp. v. Levin*, 579 F.2d 271, 283 (3d Cir.1978); *Pereira v. Houze Glass Co. (In Re Graff Marketing Corp.)*, 42 B.R. 801, 808 (Bankr.S.D.N.Y. 1984).

■■■ In the matter at bench Rutter represented the debtor's estate, while it was

constituted as the debtor in possession, in the action brought by the United States, yet in the adversary proceeding now before us Rutter represents parties opposed to the debtor's estate and its legal representative, the trustee. We have found that the actions instituted by the United States and the trustee are virtually identical. Since Rutter was counsel to the debtor in possession, we must presume that confidential information passed to him which would impair the trustee's ability to prosecute its action against the Meyers. *Silver Chrysler*, 518 F.2d 751; *Duncan*, 646 F.2d 1020. Whether the presumption is rebuttable or irrebuttable is of no concern since Rutter introduced no evidence to undermine it. We conclude that Rutter's former representation of the debtor in possession is in conflict with his current representation of the Meyers in the trustee's suit. We will therefore grant the trustee's motion to disqualify Rutter.