**In the Matter of Jarvis Eugene FERGUSON and Doris Lois Ferguson, Debtors.**

**Bankruptcy No. 85–02039–SJ–11.**

United States Bankruptcy Court,
W.D. Missouri,
St. Joseph Division.

Feb. 21, 1986.

Mark G. Stingley, Utz, Litvak, Thackery & Taylor, St. Joseph, Mo., for debtors.

**ORDER DECLINING TO APPOINT WESTERGREN, HAUPTMAN, O'BRIEN AND WOLF AS COUNSEL FOR DEBTORS AND REAFFIRMING APPOINTMENT OF MARK G. STINGLEY, ESQUIRE, AS COUNSEL FOR DEBTORS**

DENNIS J. STEWART, Chief Judge.

Formerly, on June 25, 1985, the out-of-state law firm of Westergren, Hauptman, O'Brien and Wolf applied for appointment as counsel for debtors. At the same time, it was requested that Mark G. Stingley, Esquire, of St. Joseph, Missouri, be appointed as local counsel. Upon review of the application for appointment of counsel, this court issued its order on July 28, 1985,[1] appointing Mark G. Stingley, Esquire, exclusively as counsel for the debtors. This action was appropriate under circumstances in which the applicant foreign counsel had never requested admission to the bar of this court or authority *pro hac vice* to appear in this case, as appears to be required by the governing local rules.[2]

Nevertheless, foreign counsel have continued to appear in court hearings and attempt filings on behalf of the debtors, although the local rules of the district court characterize it as contempt of court for foreign counsel to appear in proceedings without prior authority of court to do so.[3] In the last hearing held in this case on October 18, 1985, of the Federal Land Bank's motion for relief from the automatic stay, foreign counsel insisted on appearing and participating in the hearing as lead counsel although the court reminded them at the outset of the hearing that their application to be appointed as counsel for the debtors had never been granted.

On December 9, 1985, the undersigned was telephonically advised by local counsel that he had reached an agreement with foreign counsel whereby he, as local counsel, would become lead counsel in this case, but foreign counsel would insist on their right to be present in the courtroom.

■ There is no "right," however, of foreign counsel to be admitted *pro hac vice* or otherwise to practice in this district. "It is well settled that permission to a nonresident attorney, who has not been admitted to practice in a court, to appear pro hac vice is not a right but a privilege, the

---

1. Later, on July 23, 1985, this court, entered a conditional order appointing Westergren, Hauptman, O'Brien and Wolf as counsel for the debtors, but only on condition that a proposed plan and disclosure statement be filed on or before August 31, 1985. In the meantime, according to the written order of June 28, 1985, Mark Stingley was to serve as sole counsel for the debtors. Although a proposed disclosure statement was filed before August 31, 1985, it was shown to be insufficient. A sufficient disclosure statement was not filed until October 22, 1985. This court, therefore, does not deem the condition initially established for appointment to have been met. Accordingly, the appointment of Mr. Stingley must be made permanent. Further, see note 2, *infra*.

2. The applications submitted by the applicant counsel neither explicitly nor by implication requested leave to appear *pro hac vice*. "Where any visiting attorney undertakes to represent clients in this court, there shall be filed with the initial pleading a written statement, identifying each court of which the visiting attorney is a member of the Bar; and stating that neither said lawyer nor any member of a firm to which the attorney belongs appears on any list of attorneys designated to appear in that, or any other, court of record." Local Rule 1(F) of the United States District court for the Western District of Missouri. Applicant counsel states that he is a member of the bar of this court, but the court records do not support this averment.

3. "An attorney who, before admission, unless specially authorized by one of the judges, is guilty of contempt of court and becomes subject to appropriate punishment therefor, to be instituted in the same manner as provided in Local Rule 2." Local Rule 1(I) of the United States District Court for the Western District of Missouri.

granting of which is a matter of grace resting in the sound discretion of the presiding judge." *Thomas v. Cassidy*, 249 F.2d 91, 92 (5th Cir.1957), cert. denied, 355 U.S. 958 (1958). "The right to appear pro hac vice for an attorney not generally admitted to practice before a court is a privilege, not a right. There is no constitutional right either for an attorney to practice in a court to which he is not admitted generally, or for a litigant to be represented by such an attorney. *Leis v. Flynt*, 439 U.S. 438, 441–42, 99 S.Ct. 698, 700, 58 L.Ed.2d 717 (1979) ... The Court has the ability and obligation to refuse the privilege of pro hac vice practice of counsel who fail to meet ... standards." *In re D.H. Overmyer Telecasting Co., Inc.*, 29 B.R. 647, 649 (Bkrtcy.N.D.Ohio 1983).

These principles apply with special and redoubled force in respect of an application to be appointed as counsel for a debtor in a chapter 11 case. Even with respect to resident counsel, the authorities are clear to the effect appointment as counsel for a chapter 11 debtor is within the discretion of the appointing court. Section 327 "requires court approval of any such employment." *Gaslight Club v. Official Creditors Committee*, 46 B.R. 209, 213 (N.D.Ill. 1985). And the court, in determining whether such an appointment should be made, must scrutinize the qualification of counsel to determine whether such an appointment would be likely to aid the administration of the chapter 11 case.[4] Foreign counsel in this case have almost wholly precluded this court from undertaking such a consideration through their failure to request leave to appear pro hac vice in an appropriate manner which would at least reveal the standing of applicant counsel before the court of the state of their residence.[5] Otherwise, the files and records in this case show that, in undertaking to represent the debtors in this case in defiance of the court's previously announced declination to grant the appointment, foreign counsel filed an untimely appeal from this court's order of November 20, 1985, without bothering to request an extension of time in which to do so. In a very recent opinion, the Honorable Russell G. Clark of our district court has characterized such practice as not being within the realm of the excusable.[6] Nor is this the first time that counsel have filed untimely appeals. At least two of their prior appeals in other cases in this district have been lost because of untimely filing.[7] And their other practice in this district has been characterized by an apparent inability to accomplish tasks within the time limits established by the procedural rules and court orders.[8]

---

**4.** "And, in acting upon that application, the bankruptcy court is directed by applicable law to consider whether 'the attorney's special professional skills are necessary for the protection and benefit of the estate and for the furtherance of the aims of the case.'" *Matter of Piper*, 52 B.R. 600, 601 (Bkrtcy.W.D.Mo.1985).

**5.** See note 2, *supra*.

**6.** *In Matter of Hummel*, Civil Action No. 85–5155–CV–SW–4 (W.D.Mo. Dec. 13, 1985), (Available on WESTLAW—DCTU database) Judge Clark assessed fees and costs against counsel who failed to file a timely appeal and who could show no excusable neglect for their conduct.

**7.** In the *Matter of Larry Ray Campbell* and *Rosemarie Campbell*, In proceedings for straight liquidation under chapter 7 of the Bankruptcy Code No. 85–00406–SJ (Bkrtcy.W.D.Mo.), counsel failed to file a timely motion for continuance of a hearing set on the issue of whether attorney's fees should be returned to the estate under Rule 2017 of the Rules of Bankruptcy Procedure. When the order was entered directing the return of the fees, counsel apparently intended to appeal it, but an untimely notice of appeal was filed. Nevertheless, counsel failed and refused for a time to comply with the order, offering belated compliance only after the court had issued its order directing them to show cause why they should not be adjudged in contempt. An untimely notice of appeal was also filed in the case at bar and an untimely motion for reconsideration of the court's May 14, 1985, order, conditionally denying Federal Land Bank relief from the automatic stay, was filed in *Matter of Arthur Anderson* and *Marilyn Anderson*, In proceedings for reorganization under chapter 11 of the Bankruptcy Code No. 85–00302–SJ–11 (Bkrtcy.W.D.Mo.).

**8.** Most recently, in the case at bar, local counsel requested continuance of the hearing set on confirmation of the proposed plan for January 21, 1986, in St. Joseph, Missouri, stating that foreign counsel had failed to send out the proposed plan or to solicit acceptances of it. Nu-

This court could not conclude under such circumstances that authorizing applicant foreign counsel to serve in this case would be a measure which would be at all a salutary measure to protect and advance the right of their clients or to aid in the administration of this chapter 11 case.

 The court, further, has a duty and obligation to grant some minimal protection to local counsel with whom foreign counsel have seen fit to associate and who are responsible for any malefactions and derelictions of foreign counsel as though they had committed them themselves. "Such association [with local counsel] satisfies the reasonable interest of the ... Court in having a member of its bar, who is subject to the Court's general control, be professionally responsible and who ... can be held accountable if anything reflecting on the court or an abuse of process occurs during the course of the litigation [even though] there is no need for active participation in the conduct of litigation by asso-

ciated counsel." *Sanders v. Russell,* 401 F.2d 241, 248 (5th Cir.1968).[9] In their prior conduct in this court, foreign counsel have come perilously close to bringing local counsel with whom they are associated into a position of having to account for matters as to which they may have had no knowledge. For the files and records of this court clearly show that, in one prior case, applicant foreign counsel charged their clients a fee vastly greater than that permitted by local guidelines, then failed and refused to justify the greater award and, when the court directed return of the excess amount to the bankruptcy estate, they failed and refused to do so until after the court had directed them to show cause why they should not be adjudged in contempt.[10] And, in other cases conduct of at least questionable character has been engaged in.[11] And the application at bar "must also be resolved with an eye toward the interests of the public in avoiding misfeasance and the appearance of impropriety in litiga-

merous other defaults in timing could be cited, and will be, if necessary.

**9.** Some authority holds that foreign counsel should be admitted if they state in a sufficient affidavit the courts to which they are admitted and include a statement to the effect that they have not been disbarred or suspended in any of those courts. "In our view the District Court must grant *pro hac vice* admissions in (non-fee generating civil rights) cases upon a showing that an individual lawyer is a member in good standing of the bar of some state, without limitation in terms of years of practice or admission." *Sanders v. Russell,* 401 F.2d 241, 247 (5th Cir.1968). Even if this liberal rule applies in this case, however, the application of foreign counsel for admission incorrectly states that he is a member of the bar of this court and does not detail the courts of which he is actually a member of the bar. Thus, he states as follows: "I am an attorney and counselor at law, duly admitted to practice in the State of Missouri and in the Federal Courts, including Federal Bankruptcy Court." And, further, even if admission *pro hac vice* would be appropriate, which it is not, the court still must determine whether counsel is appropriate to the appointed in chapter 11 proceedings. See note 4, *supra.*

**10.** See note 7, *supra.*

**11.** In one case, *Matter of Schonrock,* in proceedings for straight liquidation under chapter 7 of

the Bankruptcy Code No. 85–01901–SJ, counsel, in filing the case, represented that they had been paid some $2,000 within a year of bankruptcy. Later, when requested to justify this payment under the provisions of Rule 2017 of the Rules of Bankruptcy Procedure, counsel denied receiving the payment within one year of bankruptcy and now claimed that it had been received over a year prior to bankruptcy. In such cases, when counsel is a creditor based on work done over a year prior to bankruptcy and otherwise not in connection with or related to, it is held that he should not act as the bankruptcy counsel for the debtor because such representation involves a conflict of interest with his own status as a creditor. "If ... the law firm is owed by a petitioning client, on the date of filing, a pre-petition debt for legal fees for services not rendered in contemplation of or in connection with the bankruptcy case, then the law firm would be a creditor of the debtor to the extent of those fees and costs and, therefore, would run afoul of the 'no adverse interest' and 'disinterestedness' requirements of Section 327(a). In such circumstance, the conflict of interest would not be eliminated if the law firm obtained from the client a pre-petition payment of those fees and costs because such a payment would likely constitute a preference that may be avoided for the benefit of other creditors, thus involving the law firm in a conflict of interest as the holder of an interest adverse to the estate in violation of Section 327(a)." *In re Roberts,* 46 B.R. 815, 849 (Bkrtcy.D.Utah 1985).

tion." *In re Ram Mfg. Inc.*, 49 B.R. 53, 55 (Bkrtcy.E.D.Pa.1985), and decisions there cited. It is accordingly hereby

ORDERED that the application of Westergren, Haptman, O'Brien and Wolf to be appointed as counsel for debtors be, and it is hereby, denied.