In re TEMP–WAY CORPORATION.

TEMP–WAY CORPORATION, Denis J. Spellman; Martin F. Spellman

v.

CONTINENTAL BANK, Ronald Vicari, Frank Leis, Frank Conway

v.

Mary Ellen SPELLMAN, Leslie F. Spellman.

Nos. 87–01561S, 87–6930.

United States District Court, E.D. Pennsylvania.

Jan. 25, 1989.

Janet Sonnenfeld, Philadelphia, Pa., for plaintiffs.

Edward I. Swichar and Andrew Bershad, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the court is defendants' motion to disqualify Blackburn, Michelman & Tyndall, P.C. and Janet M. Sonnenfeld, Esquire as counsel for plaintiffs and counterclaim defendants. For the reasons stated herein, defendants' motion will be granted.

## I. BACKGROUND

From the mid–1960's to 1984, Temp–Way Corporation, owned and operated by Joseph and Dolores Calcara, had been in the business of providing mechanical contracting services to the construction industry. In 1984, management passed to Denis J. Spellman and Martin F. Spellman who began negotiations for the purchase of Temp–Way. On June 3, 1985, a Stock Purchase Agreement was signed vesting complete ownership of Temp–Way in the Spellmans. Throughout this period, Temp–Way maintained a banking relationship with defendant Continental Bank which, plaintiffs claim, assisted in the financing.

Unfortunately for all parties involved, Temp–Way did not prosper and, on April 1, 1987, filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code. On April 22, 1987, the Bankruptcy Court for the Eastern District of Pennsylvania approved Janet M. Sonnenfeld, Esquire as counsel to Temp–Way, which was operating as Debtor–in–Possession. On June 24, 1987, Temp–Way Corporation, Denis J. Spellman and Martin F. Spellman instituted this suit in Bankruptcy Court against Continental Bank, with Ms. Sonnenfeld representing all plaintiffs. On February 1, 1988, Ms. Sonnenfeld became an officer in the professional corporation Blackburn, Sonnenfeld, Michelman & Tyndall, P.C. (the "Blackburn firm"). Ms. Sonnenfeld and the Blackburn firm continue to represent all plaintiffs and counterclaim defendants in this action, as well as Temp–Way Corporation in its role as Debtor–in–Possession.

On motion of defendant, this court withdrew the original reference of this case from Bankruptcy Court and on May 31, 1988, directed plaintiffs to file an amended complaint. Plaintiffs' amended complaint charges defendant Continental Bank, and several of its employees, with breach of fiduciary duties, breach of various financing agreements, business coercion and duress, fraud, and tortious interference with contractual relations. Defendant has counterclaimed, adding Mary Ellen Spellman and Leslie F. Spellman, wives of the plaintiffs, as counterclaim defendants. Defendants' counterclaim alleges breach of loan obligations by Temp–Way and numerous fraudulent transfers from Temp–Way to the Spellmans and Calcaras in violation of 11 U.S.C. §§ 547 and 548. These transfers allegedly caused Continental to honor checks written on overdrawn accounts. Defendants now move to disqualify the Blackburn firm and Ms. Sonnenfeld as counsel for plaintiffs and counterclaim defendants on the ground that their duty as counsel to Temp–Way, as Debtor–in–Possession, to investigate all fraudulent transfers on behalf of creditors, and simultaneous representation of the Spellmans and Calcaras, the alleged perpetrators of the fraud, creates an inherent conflict of interest under both the Bankruptcy Code and the Rules of Professional Conduct.

Plaintiffs and counterclaim defendants reply that they have conducted an investigation and that no fraud, and, therefore, no conflict of interest, exists. Plaintiffs further argue that defendants are estopped from raising their motion at this late stage of the litigation and that any potential conflict has been cured by Ms. Sonnenfeld's resignation from the Blackburn firm on October 1, 1988. Accordingly, on December 21, 1988, Ms. Sonnenfeld has moved the Bankruptcy Court to appoint the Blackburn firm as special counsel in this litigation pursuant to 11 U.S.C. § 327. That application has been referred to this court.

## II. DISCUSSION

■ The relevant duties of a trustee under Chapter 11 of the Bankruptcy Code are set forth in Section 1106:

§ 1106. Duties of trustee and examiner.

(a) A trustee shall—

\* \* \* \* \* \*

(3) except to the extent that the court orders otherwise, investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan;

(4) as soon as practicable—

(A) file a statement of any investigation conducted under paragraph (3) of this subsection, including any fact ascertained pertaining to fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor, or to a cause of action available to the estate; and

(B) transmit a copy or a summary of any such statement to any creditors' committee or equity security holders' committee, to any indenture trustee, and to such other entity as the court designates;

Although 11 U.S.C. § 1107(a) exempts a Debtor–in–Possession from the duties of a trustee under § 1106(a)(2), (3) and (4), the

parties agree that the duties of a Debtor-in-Possession nevertheless include taking possession of all property of the debtor and investigating its financial affairs to make a determination of corporate mismanagement which might warrant the filing of claims against former corporate officers or managers. The scope of this investigation into potential fraudulent transfers under 11 U.S.C. §§ 547 and 548 is to be determined by the court in light of the factual context of the case. As *Collier* states:

> [I]t is impossible to establish a general rule concerning the appropriate scope of an investigation and the courts will have to resolve the issue of proper scope according to the facts of individual cases. While the scope of investigation is left to the court to determine, it is clear that the trustee's investigation is intended to assist creditors and to prevent the abuse of the reorganization process.

5 *Collier on Bankruptcy*, § 1106.01(11)(b), at 24 (1988).

██ Defendants, including Continental Bank, who is a creditor of the Temp–Way estate, have set forth wide-ranging allegations of fraudulent and preferential transfers including payments of personal expenses and unsubstantiated loan reimbursements from Temp–Way to the Spellmans and payments by Temp–Way to the Calcaras for Temp–Way stock purchased by the Spellmans. Plaintiffs have assured defendants that an investigation has been conducted and that their allegations are baseless. The court finds these assurances to be inadequate to fulfill the obligations of Temp–Way as Debtor–in–Possession. Although plaintiffs are not required under § 1107(a) to submit a full report of their investigation as demanded by § 1106(a)(4), plainly some documentation beyond mere assurances is necessary to rebut defendants' serious charges; none has been furnished, and the reason is not unclear.

██ As counsel to both Temp–Way Corporation as Debtor–in–Possession, the Spellmans and the Calcaras, Ms. Sonnenfeld and the Blackburn firm have placed themselves in an inextricable conflict of interest.

Rules 1.7 and 1.9 of the Rules of Professional Conduct, which basically adopt Canon 5 of the former Code of Professional Responsibility, require a lawyer to exercise independent professional judgment on behalf of a client, which in the case of a corporation means the entity itself and not its individual stockholders, directors, officers or employees. *In re King Resources Company*, 20 B.R. 191, 200 (Bkrtcy.D.C. Colo.1982). When taken in conjunction with 11 U.S.C. §§ 1106 and 1107, it is clear that counsel for Temp–Way has a duty to pursue vigorously all potential claims of fraud committed against the corporation. As counsel for the Spellmans, Ms. Sonnenfeld and the Blackburn firm are incapable of conducting such a thorough and objective investigation due to its potential to expose their clients to liability. *See, e.g., In re Central Ice Cream Co.*, 59 B.R. 476, 488–92 (Bankr.N.D.Ill.1985).

Moreover, 11 U.S.C. § 327 sets forth the standards for the hiring of professionals to act on behalf of the Debtor–in–Possession. Section 327(e) reads:

> § 327. Employment of professional persons.
>
> \*   \*   \*   \*   \*   \*
>
> (e) The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

Section 101 defines a disinterested person as follows:

> (13) "disinterested person" means person that—
>
> \*   \*   \*   \*   \*   \*
>
> (E) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or an investment banker specified in subparagraph (B) or

**346**

(C) of this paragraph, or for any other reason;

Courts have stated that these provisions should be strictly construed in order to maintain the integrity of the bankruptcy process. *See Matter of Cons. Bancshares, Inc.*, 785 F.2d 1249, 1256, n. 6 (5th Cir. 1986); *In re Philadelphia Athletic Club, Inc.*, 20 B.R. 328, 333 (Bankr.E.D.Pa.1982). *See also* 5 *Collier*, § 1106.01(16), at 37. Hence, representation of the estate and its owners where allegations of fraudulent transfers have been made creates a conflict of interest unless these allegations can be soundly rebutted. *See In re Roberts*, 75 B.R. 402 (Bankr.D.Utah 1987); *In re Chou–Chen Chemicals, Inc.*, 31 B.R. 842 (Bankr.W.D.Ky.1983); *In re Philadelphia Athletic Club, Inc.*, *supra*, 20 B.R. 328. This has not been done. Consequently, Ms. Sonnenfeld and the Blackburn firm must be disqualified from representing any of the plaintiffs in this case.

The court is not persuaded that Ms. Sonnenfeld's resignation has cured this conflict of interest. Confidential information has assuredly been passed to both Ms. Sonnenfeld and members of the Blackburn firm. If either party was to continue to represent Temp–Way and fulfill their obligations to investigate allegations of fraud, this information could be used to the disadvantage of the Spellmans in direct breach of the attorney-client privilege. Disqualification is required.

Finally, the court retains the inherent power and duty to resolve any conflict of interest at any point in the litigation. *In re Ram Mfg., Inc.*, 49 B.R. 53 (Bkrtcy.E.D. Pa.1985). Although this motion was presented to the court during the final pretrial phase of this case, the court finds that the need to cure this conflict outweighs any prejudice arising from delay. Consequently, plaintiffs' estoppel argument is likewise rejected.

III. CONCLUSION

The court concludes that representation of both the individual plaintiffs and Temp–Way Corporation by Ms. Janet M. Sonnenfeld and Blackburn, Michelman & Tyndall,

P.C. creates an inherent conflict of interest and defendants' motion must be granted.

An appropriate Order will be entered.