**In the Matter of ROGER J. AU & SON, INC., Debtor.**

**Bankruptcy No. 683–00986.**

United States Bankruptcy Court, N.D. Ohio.

March 28, 1989.

John A. Schwemler, Brouse & McDowell, Akron, Ohio, for debtor.

---

Edward R. Brown, Arter & Hadden, Cleveland, Ohio, for Aetna Cas. & Sur. Co.

Richard Gurbst, Squire, Sanders & Dempsey, Cleveland, Ohio, for NEORSD.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

Presented for consideration is an application by the debtor and debtor in possession, Roger J. Au & Son, Inc., to employ Larry Inscore and Charles E. Taylor as special counsel. The debtor states in its application that it "requires the services of attorneys as special counsel to prosecute [its] claims and defenses in case Nos. 30943 and 46485 pending in the Court of Common Pleas, Cuyahoga County, Ohio."

Objections were filed by Aetna Casualty & Surety Company, Inc. (Aetna) and Northeast Ohio Regional Sewer District (NEORSD), both asserting various conflicts and improprieties relating to the employment of Larry Inscore and Charles E. Taylor.

A hearing was held at which time all parties presented oral argument to the court after which the application was taken under advisement.

## FACTS

This case was commenced by the debtor on July 26, 1983, by the filing of a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. The debtor's sole shareholder, president and chief officer is Charles H. Au.

In May, 1977, the debtor was selected by NEORSD as the contractor for a sewer project in Cleveland, Ohio known as the Cuyahoga Valley Interceptor Project (CVID Project). Aetna was the debtor's surety and posted the required payment and performance bond for this contract with NEORSD.

The debtor experienced certain construction problems during the construction of the CVID Project and accordingly, certain change orders were authorized by NEORSD and a release was signed by the debtor. However, in December, 1979, a portion of the CVID Project collapsed. NEORSD insisted that the debtor complete the project for the contract price. The debtor, however, requested that NEORSD issue another change order to cover the increased expenses. The debtor completed the CVID Project with the exception of the collapsed portion and sought payment of $718,201.35 on its claim. NEORSD refused to release the remaining CVID Project funds to the debtor in the amount of $136,-559.48.

On August 31, 1981, the debtor filed a complaint (Case No. 30943) in Cuyahoga County Common Pleas Court against NEORSD and Euthenics, Inc., an engineering firm, asserting various causes of action. NEORSD answered, denying the allegations and all liability.

On July 29, 1982, Aetna filed a complaint (Case No. 46495) in Cuyahoga County Common Pleas Court against NEORSD and the debtor seeking a declaratory judgment that its obligations as the debtor's surety under the performance bond and the labor and material bond have been fully discharged. In both cases NEORSD is asserting various counterclaims and cross-claims against the debtor and Aetna. These two actions (sewer district litigation) have been consolidated and are pending before the state court.

In November, 1985, Aetna notified the debtor that it would no longer continue to fund the debtor's litigation expenses and related costs for the prosecution of the sewer district litigation. It is for conducting this litigation that the debtor now seeks to employ Larry Inscore and Charles E. Taylor.

Also pending in this court is an adversary proceeding filed by the debtor and Charles H. Au, adversary proceeding No. 686-0114, against Aetna wherein the debtor and Charles H. Au assert that Aetna had a fiduciary duty to the debtor in regard to the sewer district litigation and that Aetna's decision in November, 1985, to seek a settlement of the litigation and to terminate funding of the debtor's legal expenses and the prosecution of that litigation constitute a breach of its fiduciary duty. Aetna

answered denying the essential allegations of the complaint and also asserting a counterclaim against the debtor and Charles H. Au. The debtor and Charles H. Au are represented in this adversary proceeding by Larry Inscore.

Larry Inscore and Charles E. Taylor also represent Cee–EM Realty, Inc. in a pending action in the Richland County Common Pleas Court, Case No. 84–793–C. Charles H. Au is a 50% shareholder in Cee–EM Realty, Inc.

Also currently pending before this court in the instant case and also in CDECO Maritime Construction, Inc., Case No. 683–00985, and Fireland Sewer & Water Construction Company, Inc., Case No. 684–00040, both affiliates of Roger Au & Son, Inc., is a plan of reorganization filed by Aetna which, if confirmed, would result in the settlement of the sewer district litigation and the dismissal of the adversary proceeding.

## DISCUSSION

The starting point for the court's consideration of the debtor's application is 11 U.S.C. § 327 which provides: [1]

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

. . . . .

(c) In a case under chapter 7 or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, but may not, while employed by the trustee, represent, in connection with the case, a creditor.

As was stated in *In re Thompson,* 54 B.R. 311 (Bankr.N.D.Ohio 1985); *affirmed,* 77 B.R. 115 (N.D.Ohio 1986):

The concurrent representation of the trustee and a creditor, irrespective of whether or not an actual conflict of interest exists, is specifically prohibited by subsection 327(c). An attorney serving as general counsel for the trustee, and at the same time serving as counsel for a creditor in the same case, must make decisions on behalf of his clients which are ripe (sic) with potential conflicts:

It should be borne in mind that general counsel for the trustee, in order to accomplish a maximum distribution to creditors, usually must perform services that are adverse to certain individual creditors. For example, creditors' claims should be reviewed to determine which should be disputed, or an investigation of pre-bankruptcy transactions between the debtor and individual creditors might be conducted for the purpose of determining whether a preference has occurred. An attorney representing the trustee as general counsel would be required to give legal advice and to proceed with appropriate litigation in connection with these matters. Any number of possible conflicts can be envisioned.

There should be no opportunity for the exercise of conflicting interests nor even the appearance of dual loyalty. * * * The purpose of the disinterestedness requirement of subsection 327(a) is to prevent even the appearance of conflict.

*Id.* at 315–16, quoting *In re Fondiller,* 15 B.R. 890, 892, (9th Cir. BAP 1981). (Other citations omitted)

Even though in the instant proceeding Messrs. Inscore and Taylor are seeking to be retained as special counsel and not general counsel as the court in *Thompson* spoke to, this court still finds the arguments presented in *Thompson* to be persuasive and controlling.

---

**1.** Since this bankruptcy case was filed on July 26, 1983, it will be governed by the Bankruptcy Code as it existed prior to the 1984 Bankruptcy

Amendments and Federal Judgeship Act. Pub.L. 98–353.

■ Mr. Inscore's representation in the adversary proceeding of Charles H. Au, the sole shareholder and a creditor of the debtor, puts him in direct conflict with Section 327(c). As is argued by Aetna and NEORSD, what happens in the sewer district litigation has a direct result as to the course the adversary proceeding will take. Mr. Inscore's representation of the debtor in one case and the debtor and the sole shareholder in the other case creates the appearance of, if not an actual, conflict of interest.

■ As to Mr. Taylor, even though his representation of Charles H. Au is indirect, Charles H. Au being a 50% shareholder in Cee–EM Realty, Inc., Mr. Taylor's relationship with Charles H. Au cannot be found to be one of a disinterested person.[2] Having to divide one's allegiance between two clients is what Section 327 attempts to prevent. Additionally, in view of the fact that the debtor has filed a single application to employ both attorneys, the court finds it inappropriate to bifurcate such application.

The debtor presents its application as seeking employment pursuant to Section 327(e):

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or the estate with respect to the matter on which such attorney is to be employed.

The court finds that even if this subsection were relevant to the debtor's application, the requirements of subsection (a) and (c) are still applicable to the employment of Messrs. Inscore and Taylor.

Accordingly, the application of the debtor to employ Larry Inscore and Charles E. Taylor will be denied.

An order in accordance herewith shall issue.

---

**2.** 11 U.S.C. § 101 provides:
(13) "disinterested person" means person that— ...
(E) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or an investment banker specified in subparagraph (B) or (C) of this paragraph or for any other reason.