**In re QUALITY BEVERAGE COMPANY, INC.,**
**Debtor.**

**Bankruptcy No. 93–48124–H3–7.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Sept. 27, 1995.

Lenard M. Parkins, Verner, Liipfert, Bernhard, McPherson and H, Houston, TX, for Debtor.

Jeff Shadwick, Houston, TX, trustee.

## MEMORANDUM OPINION

LETITIA Z. CLARK, Chief Judge.

The court has considered the Chapter 7 Trustee's Application for Authority to Retain Coopers & Lybrand, L.L.P. as Special Litigation Consultants to the Chapter 7 Trustee Pursuant to Section 327(e) of the Bankruptcy Code Nunc Pro Tunc to April 1, 1995 (the "Application") (Docket No. 801). The following are the Findings of Fact and Conclusions of Law of the court. To the extent any of the Findings of Fact may be considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law may be considered Findings of Fact, they are adopted as such.

### Findings of Fact

1. Quality Beverage · Company, Inc. ("Debtor") filed its voluntary Chapter 11 petition on October 28, 1993. Debtor continued as a debtor in possession from the petition date until appointment of a Chapter 11 Trustee on November 15, 1995.

2. Jeffrey Shadwick was appointed as the Chapter 11 Trustee on November 22, 1994. The case was subsequently converted to Chapter 7 on March 31, 1995. On that same date, Shadwick was appointed as the Chapter 7 Trustee.

3. Shadwick now seeks court authority to retain Coopers & Lybrand, L.L.P., ("Coopers") as consultants with regard to preference and turnover litigation pending before this court in Adversary Nos. 94–4418, 94–4422, and 94–4391. Shadwick anticipated, at the time he filed the motion, that Coopers would "perform an insolvency analysis and a review of ordinary course of business defenses and new value defenses pertaining to certain of the defendants." (Application, Docket No. 801, at p. 3). At the hearing, Shadwick announced Coopers had already performed the work requested.

4. Coopers represented the Official Committee of Unsecured Creditors in this case while the case was pending under Chapter 11. Some of the members of the Committee are defendants in the preference and turnover adversary proceedings.

### Conclusions of Law

1. Shadwick has applied to employ Coopers under § 327(e) of the Bankruptcy Code. That section states as follows:

"The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."

11 U.S.C. § 327(e).

2. Section 327(e) is inapplicable to the case at bar. The plain language of the statute limits its application to attorneys. However, the application may be approved if it meets the standards of Section 327(a), the general section authorizing the employment of professional persons by the Trustee.

3. The trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate,

and that are disinterested persons, to represent or assist the trustee in carrying out the trustees duties under the Bankruptcy Code. 11 U.S.C. § 327(a).

4. The professional seeking employment must pass a two prong test which requires that the professional (1) be a disinterested person within the meaning of the Code, and (2) not hold or represent an interest adverse to the estate.

5. Section 101(14) contains the Bankruptcy Code definition of "disinterested person." That section provides in pertinent part:

"disinterested person" means person that—

(E) not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or an investment banker specified in subparagraph (B) or (C) of this paragraph, or for any other reason.

11 U.S.C. § 101(14)(E).

6. Professional persons employed by a trustee should be free of any conflicting interest which might, in the view of the Bankruptcy Court, affect the performance of their services or which might impair the high degree of impartiality and detached judgment expected of them during the administration of the case. *In re Envirodyne Industries,* 150 B.R. 1008 (Bankr.N.D.Ill.1993).

7. Although each case must be examined on a case-by-case basis, the Bankruptcy Court may deny employment where it determines in its discretion that an impermissible actual or potential conflict exists. *In re Global Marine, Inc.,* 108 B.R. 998 (Bankr. S.D.Tex.1987).

8. The second prong of the test under Section 327(a) requires the professional to not hold or represent any interest adverse to the estate. This prong eliminates a professional from possible retention if the professional possesses or asserts any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant, or possesses a predisposition that under certain circumstances would render a bias against the estate. *In re Kuykendahl Place Associates, Ltd.,* 112 B.R. 847 (Bankr.S.D.Tex.1989).

9. In *In re The Leslie Fay Companies, Inc.,* 175 B.R. 525 (Bankr.S.D.N.Y. 1994) the court held that the relevant question in determining whether an attorney is "disinterested," for the purpose of employment by the trustee, is whether the attorney has a meaningful incentive to act contrary to the best interest of the estate and its creditors or the reasonable perception of such an incentive. If it is plausible that representation of another interest may cause the attorney to act differently than he or she would without the other representation, than the attorney has a actual conflict and holds an interest adverse to the estate.

10. In the instant case, Coopers has performed services for the Committee, and now seeks to perform services for the Trustee who has potential preference actions against members of the Committee, resulting in a potential dual representation. Where there is a dual representation, an "actual conflict" exists. *In re Kuykendahl Place Associates, Ltd.,* 112 B.R. 847 (Bankr. S.D.Tex.1989).

· 11. The court concludes that it is improper to authorize Coopers to perform services for the Trustee in the instant case.

12. Loretta Rose Cross, the representative of Coopers, testified that the Committee members were made aware of the possible conflict of interest and informally waived their objections to the conflict. The "adverse interest" and "disinterested person" limitations set forth in the statute governing the employment of professionals cannot be excused by waiver. *In Re Envirodyne Industries, Inc.,* 150 B.R. 1008 (Bkrtcy.N.D.Ill. 1993); *In re Amdura Corp.,* 121 B.R. 862 (Bankr.D.Colo.1990).

13. Coopers must be authorized to represent the Trustee prior to receiving compensation for the services it rendered. An applicant is at risk of not being compensated for the services performed before obtaining

**596**

court approval. *In re Aladdin Petroleum Co.,* 85 B.R. 738 (Bankr.W.D.Tex.1988).

Based on the foregoing, the court will enter a separate Judgment denying the Chapter 7 Trustee's Application for Authority to Retain Coopers & Lybrand, L.L.P. as Special Litigation Consultants to the Chapter 7 Trustee Pursuant to Section 327(e) of the Bankruptcy Code Nunc Pro Tunc to April 1, 1995 (Docket No. 801).