### In re AMERICAN ENERGY TRADING, INC.,
Debtor.

#### No. 99–43507–11–JWV.

United States Bankruptcy Court,
W.D. Missouri.

April 1, 2003.

Erlene W. Krigel, Kansas City, MO, trustee.

Joanne B. Stutz, Shawnee, KS, for American Energy Solutions.

Bruce E. Strauss, Kansas City, MO, for The Noble Group, P.C. and Rick Noble.

## MEMORANDUM OPINION AND ORDER

JERRY VENTERS, Bankruptcy Judge.

This case comes before the Court at this time on the Amended Application to Employ Lewis & Kappes, P.C. ("Lewis & Kappes") as Attorneys for Trustee for Limited Purpose filed by Erlene Krigel ("Trustee"). The Court conducted a hearing on February 25, 2003, and at the close of the hearing announced that it would take this matter under advisement until the pending Motions to Dismiss were ruled in Adversary Proceeding No. 02–4123. The Court has ruled the Motions to Dismiss in the Adversary Proceeding and is now ready to rule this matter.[1]

---

1. The Court has jurisdiction in this matter pursuant to 28 U.S.C. § § 1334 and 157.

The factual background can be briefly described. On July 5, 2002, the Trustee filed an Application to Employ Lewis & Kappes for the limited purpose of pursuing multiple claims against Richard W. Noble and The Noble Group, P.C. (collectively, "Noble") for legal malpractice resulting from Noble's representation of the Debtor in litigation brought by Power Applications, Inc. and others in the United States District Court for the Southern District of Indiana. The Application also sought to retain Lewis & Kappes for the limited purpose of instituting actions against Noble for fraudulent conveyances and/or preferential transfers. Noble filed objections to the Application based in part on his assertions that Lewis & Kappes would become witnesses in the legal malpractice action because of their representation of Power Applications, Inc. in the underlying lawsuit. On October 8, 2003, the Court overruled Noble's objections and entered its order approving the retention of Lewis & Kappes for the limited purpose of pursuing claims against Noble.

On January 23, 2003, the Trustee filed the present motion after realizing that Lewis & Kappes did not have authority under the original Application to pursue claims against American Energy Solutions, Inc. ("Solutions") in the same pending Adversary Proceeding against Noble, even though Solutions had been named as a Defendant in the action brought on July 12, 2002. Because the Court has ruled that the fraudulent conveyance actions are time barred and Solutions' Motion to Dismiss has been granted, there is no longer any need for the Trustee to amend the Application with respect to the action against Solutions. Therefore, the Court will deny the Amended Application to employ Lewis & Kappes for the purpose of pursuing the claims against Solutions.

Additionally, based on the arguments presented at the hearing, the Court has reconsidered the Trustee's employment of Lewis & Kappes to pursue the legal malpractice claims against Noble and will disqualify Lewis & Kappes from representing the Trustee on those matters.

When this matter was first presented to the Court, the objecting parties were concerned that the attorneys working for Lewis & Kappes would become witnesses in the legal malpractice lawsuit against Noble. At that time, the Court warned the parties that if an actual conflict arose it would reconsider the Trustee's employment of this law firm. At the hearing held on February 25, it became very clear to the Court that there is an actual conflict of interest.

Section 327 of the Bankruptcy Code[2] states in pertinent part:

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, *that do not hold or represent an interest adverse to the estate,* and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

. . .

(c) In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section *solely* because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove

---

This Order sets out the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, Fed.R.Bankr.P.

**2.** Title 11, United States Code.

such employment if there is an actual conflict of interest.

. . .

11 U.S.C. § 327(a) and (c) (emphasis added)

█ Section 327 must be strictly construed "in order to maintain the integrity of the bankruptcy process." *Sturgeon State Bank v. Perkey (In re Perkey)*, 194 B.R. 846, 851 (Bankr.W.D.Mo.1996) (quoting *In re Temp–Way Corp.*, 95 B.R. 343, 346 (E.D.Pa.1989)).

█ Pursuant to Section 327(c), an actual conflict of interest is defined as an active competition between two interests, in which one interest can only be served at the expense of the other. *In re Mercury*, 280 B.R. 35, 54 (Bankr.S.D.N.Y.2002) (citations omitted). Section 327(a), as well as § 327(c), imposes a per se disqualification as trustee's counsel on any attorney who has an actual conflict of interest. *In re Pillowtex, Inc.*, 304 F.3d 246, 251 (3rd Cir.2002).

█ Lewis & Kappes represented Power Applications, Inc. against the Debtor and two other defendants in a lawsuit commenced in the United States District Court for the Southern District of Indiana. On June 5, 1999, Power Applications obtained a judgment for $1.5 million dollars against the Debtor, making it the second largest creditor in this bankruptcy case. Lewis & Kappes still actively represents Power Applications, Inc. in the pending appeal in the Indiana case. Lewis & Kappes is filing reports in the Court of Appeals regarding the status of this bankruptcy case. This fact indicates to the Court that Lewis & Kappes has an active interest in the appeal. However, it is unclear to this Court which clients' interests they are serving. On one hand, in order to represent their client, Power Applications, Inc., counsel must advocate to uphold the $1.5 million dollar judgment against the Debtor. On the other hand, as counsel for the Trustee they must prove the elements of legal malpractice, including causation—but for Noble's conduct the Debtor would have been successful in the defense of the underlying claim. *O'Neal v. Agee*, 8 S.W.3d 238, 241 (Mo.App.1999). In this dual representation they are playing both sides, on one side advocating that the Debtor's defense in the underlying lawsuit was meritorious and would have succeeded but for the malpractice, while at the same time advocating to uphold the judgment against the Debtor on appeal. This dual position is directly adverse to the Trustee and the bankruptcy estate. This type of schizophrenic representation violates the purpose of Section 327. Lewis & Kappes cannot continue to serve both clients in what is essentially the same matter. It is clear to the Court that the conflict is real and adverse to the bankruptcy estate. "Having to divide one's allegiance between two clients is what Section 327 attempts to prevent." *Mercury*, 280 B.R. at 54 (Bankr.S.D.N.Y.2002) (quoting *In re Roger J. Au & Son, Inc.*, 101 B.R. 502, 505 (Bankr.N.D.Ohio 1989)).

█ "While representation of a creditor is not a *per se* bar to employment by the trustee under § 327(c), an actual conflict of interest and the appearance of impropriety remain as independent grounds for disqualification." *Winship v. Cook (In re Cook)*, 223 B.R. 782, 789 (10th Cir. BAP 1998). While the Court recognized in its previous order that Lewis & Kappes was not necessarily disqualified from employment based on its representation of both the Trustee and a creditor, the actual conflict that has been represented to the Court at the hearing, provides ample support for this Court to revisit its previous ruling. Although § 327(c) may seem to require an objection from a creditor or

from the U.S. Trustee before the court can examine conflicts arising from simultaneous representation of a creditor and the trustee, § 327(a) does not include similar language. Where the Bankruptcy Code provides for the raising of an issue by a "party in interest," such a provision should not be "construed to preclude the court from *sua sponte*, taking an action or making any determination necessary or appropriate to . . . prevent an abuse of process." 11 U.S.C. § 105(a). A bankruptcy court has the authority and the responsibility to approve the employment only of professionals who meet the minimum requirements set forth in § 327(a), independent of objections. *Winship*, 223 B.R. at 792.[3] In any event, Solutions had raised the objection in this matter and in its Motion to Dismiss the Adversary Proceeding. Noble joined in the objection and continues to object to Lewis & Kappes' representation of the Trustee in this matter. Since these parties have raised the issue and Lewis & Kappes has had timely notice and an opportunity to be heard in this matter, the Trustee and Lewis & Kappes are not prejudiced by the Court's ruling on the matter at this time.

■ As a final matter, the Court is concerned about the Trustee's assertion that she can waive the conflict of interest in order to pursue her claim against Noble with her counsel of choice. She contends that because Lewis & Kappes does not represent her in the administration of the case, she can waive the ethical conflict of interest. While the Court understands that the law firm is not her counsel in all matters and that they are not advising her on the issue of pursuing the appeal, the Court is nevertheless bothered by the fact that the Trustee has remained silent as to

her decision on whether to pursue the appeal, which has now been pending for several years. The adverse interest and disinterested person limitations set forth in § 327 governing the employment of professionals cannot be excused by waiver. *In re Envirodyne Industries, Inc.*, 150 B.R. 1008 (Bankr.N.D.Ill.1993); *In re Amdura Corp.*, 121 B.R. 862 (Bankr.D.Colo. 1990); *In re Quality Beverage Company, Inc.*, 216 B.R. 592 (Bankr.S.D.Tex.1995). Therefore, the Court will not allow the Trustee to waive the actual conflict of Lewis & Kappes' dual representation and will disqualify them from representing the Trustee in this matter. If the Trustee decides to pursue the legal malpractice claims in state court, she will have to find other competent representation.

Therefore, it is

**ORDERED** that the Amended Application to Employ Lewis & Kappes, P.C. as Attorneys for Trustee for Limited Purpose filed by Erlene Krigel ("Trustee") is hereby DENIED. It is

**FURTHER ORDERED** that Lewis & Kappes, P.C. is disqualified from any further representation of the Trustee in her claims against Richard W. Noble and The Noble Group, P.C.

---

**3.** *See also In re Granite Sheet Metal Works, Inc.*, 159 B.R. 840, 846 (Bankr.S.D.Ill.1993) and *Interwest Bus. Equip., Inc. v. United States Trustee (In re Interwest Bus. Equip., Inc.)*, 23 F.3d 311, 315 (10th Cir.1994).