**In re FIRST FEDERAL CORPORATION,**
Debtor.

**Bankruptcy No. 5–83–00482.**

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

Oct. 17, 1984.

John G. Leake, Harrisonburg, Va., Trustee.

Dale A. Davenport, Harrisonburg, Va., for trustee.

Mark E. Feldmann, Roanoke, Va., of counsel, for debtor.

## MEMORANDUM OPINION

H. CLYDE PEARSON, Bankruptcy Judge.

The Trustee, John G. Leake, in this confirmed Chapter 11 case has applied to the court for leave to employ the services of Dale A. Davenport, Esquire, as Attorney for the Trustee under a general retainer, *nunc pro tunc* to October 3, 1984, the approximate date the Trustee qualified. The issue is whether or not a *nunc pro tunc* Order is appropriate.

Upon hearing of the application after notice, it appeared to the court that the necessity for services rendered prior to the court's Order of approval pursuant to 11 U.S.C. § 327 of Trustee's Attorney was neither compelling nor necessary. By separate Order, the court approves the appointment, absent the *nunc pro tunc* provision.

11 U.S.C. § 327(a) specifically provides for the employment of professional persons including, of course, attorneys. The pertinent language is as follows:

"Except as otherwise provided in this Section, the Trustee, *with the court's approval,* may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons ..." (emphasis added)

In 2 *Collier on Bankruptcy* (15th Ed.), § 327.2, the following comment is noted:

"When there is no compliance with the Code or Rules, there is no right to compensation. The services for which compensation is required must have been performed pursuant to appropriate authority under the Code and in accordance

with an order of the court ... Thus, an attorney who acts for a Trustee or on behalf of a Trustee without approval by the court will be denied any compensation even though valuable services were rendered in good faith." Citing numerous authorities.

Under certain isolated circumstances, courts have permitted the use of *nunc pro tunc* Orders to validate previous failure to obtain the required approval. However, the explicit provisions of 11 U.S.C. § 327 and *Federal Bankruptcy Rule* 2014 should only be varied for compelling reasons, not here existing. *See In re WFDR, Inc.*, 22 B.R. 266 (Bankr.N.D.Ga.1982); *In re Fiberglass Specialty Co.*, 12 B.R. 119, C.C.H.Bk. 68, 083 (Bankr.D.Mn.1981); *In re Garland*, 8 B.R. 826, 828 (Bkrtcy.D. Mass.1981).

The enactment of 11 U.S.C. § 327 by the Congress intended to place the responsibility for payment of professionals directly under the jurisdiction of the court and its orders. It does not permit the engaging of professionals without court approval when their compensation is to be paid from funds administered in cases pending before the court. This is also the reason why Congress enacted 11 U.S.C. § 328, requiring the compensation of professionals to be solely with court approval even where agreements between the professional and the Trustee specifically provide for a designated compensation. The ultimate reasonableness of that compensation rests upon the court's determination from applications filed pursuant to *Federal Bankruptcy Rule* 2016. *See* the historical and revision notes to § 328, which state that where prior Trustee's agreement may prove improvident in light of subsequent developments, the court's power to fix compensation includes the right to increase as well as decrease the agreed upon compensation.

For the foregoing reasons, the court declines to enter the Order *nunc pro tunc.*

Service of a copy of this Memorandum Opinion shall be made by mail to the Debtor, Debtor's Attorney, Trustee, Attorney for Trustee, and to any other parties in interest.