**In re SOUTHERN TIER ENERGY PRODUCTS, INC., Debtors.**

**Bankruptcy No. 5–83–00389.**

United States Bankruptcy Court, M.D. Pennsylvania.

Dec. 28, 1989.

THOMAS C. GIBBONS, Bankruptcy Judge.

In this Chapter 7 liquidation, we have for consideration a series of related motions. They are addressed in this Memorandum.

On June 23, 1989, John H. Appleton, Esq., (hereinafter "Panel Trustee") filed a Motion for Approval of Trustee's Expenses under § 506(c) of the Bankruptcy Code. Said Motion was served on the United States Trustee (hereinafter "U.S. Trustee") on August 23, 1989. On September 6, 1989, a document styled Objection of the

---

United States Trustee to the Motion for Approval of Trustee's Expenses was filed. Inter alia, this objection states that the application of the Panel Trustee did not provide the detail required by the Bankruptcy Code, the court rules, and did not differentiate between the work of the Panel Trustee and the Trustee's attorneys. Lastly, it did not provide an adequate description for the services for which the compensation was requested. (It is noted that both documents referred to 11 U.S.C. § 506(c) as the basis for the application. This is an obvious error as that section has nothing to do with compensation).

On September 28, 1989, the Panel Trustee responded to the U.S. Trustee's Objection and filed a Motion for Sanctions against him. Essentially, this response states that all the requirements of the Code and rules have been met and requests a dismissal of the U.S. Trustee's Objections.

On October 2, 1989, Panel Trustee Appleton served a Notice of Deposition and Production of Documents on David S. Brady and Erma Weigel, employees of the office of the United States Trustee.

On October 6, 1989, a Motion for a Protective Order (stay of discovery) pursuant to F.R.C.P. 26(c) was filed through the Office of the United States Attorney. A Brief in support of said Motion for Protective Order was served on Trustee Appleton and others on October 11, 1989. Panel Trustee filed a response to the Motion for a Protective Order on October 16, 1989 stating that said Motion failed to set forth any ground or legal basis for the relief requested and asking that the Deposition and Request for Production of Documents be allowed to go forward.

On October 12, 1989, a Protective Order was in fact entered directing that all discovery related to the U.S. Trustee's Objections to the Motion for Approval of Trustee's (Appleton) Expenses was temporarily stayed until a hearing was held.

On October 13, 1989, the Panel Trustee filed a Motion to Disqualify the United States Department of Justice as attorneys for the U.S. Trustee.

On October 17, 1989, an Order was entered directing the Trustee to amend his fee application to address the objections of the U.S. Trustee within thirty (30) days.

On November 20, 1989, an Amended First and Final Accounting of Nogi, Appleton, Weinberger & Wren, P.C. was filed, together with a "Consolidated Memorandum of Law in Support and In Opposition."

On November 24, 1989, Objections were filed by the U.S. Trustee to the Amended Fee application of Trustee's attorneys. Inter alia, said objections state the following grounds:

"1. There is no request for application by said attorneys for nunc pro tunc application of their appointment prior to date of March 3, 1989; all but two and two tenths hours (2.2) in their attached time-accounting predate the date of appointment and are not allowable under the case law of the Third Circuit.

2. The Amended Application fails to set forth any statement of legal issues or complexities requiring the Attorney's expertise. There is every indication that most services for which the Attorney seeks compensation were ministerial duties which the law requires the Trustee himself to perform.

3. The Attorney for the Trustee seeks compensation for review of numerous routine letters and other simple documents and for conferences and phone calls, offering no explanation why there is any particular legal significance to them which requires the attorney's expertise.

4. It appears from the Amended Application that the Attorney for the Trustee has simply performed all of the tasks which the Trustee himself was obligated to perform in his capacity as Trustee and seeks compensation for same over and above the Trustee's commission which would be payable under 11 U.S.C. 326.

5. When a Trustee's law firm is appointed as attorney for the Trustee, the

court is obliged to '... allow compensation only to the extent that the trustee performed services as attorney or accountant for the estate and not for performance of any of the trustee's duties ...' pursuant to 11 U.S.C. 328(b)."

A Memorandum in Support of the U.S. Trustee's Objection was filed the same date.

## MOTION TO DISQUALIFY
## U.S. ATTORNEY

█ We consider first the Motion of the Panel Trustee to Disqualify the U.S. Attorney from acting in behalf of the U.S. Trustee. It states the following grounds:

"Due to a conflict of interest as the Department has, without explanation, chosen to adopt the position of the United States Trustee over that of the panel Trustee in a matter pending before this Honorable Court under circumstances in which either party could have been provided representation."

This Motion is in the nature of response to a Motion for a Protective Order filed by the United States Department of Justice in behalf of certain named employees of the Office of the U.S. Trustee for this District. In a Memorandum in Support of Panel Trustee's position, it is stated that the Department of Justice has "opted to represent the Office of the U.S. Trustee in a proceeding against the Panel Trustee." Further, that the U.S. Trustee and the Panel Trustee are government employees who are under the auspices of the United States Department of Justice and under the circumstances, the Department of Justice should not be permitted to represent the Office of the U.S. Trustee to the exclusion of the Panel Trustee. The latter offers no authority for these positions while the Department of Justice response states quite accurately that the Panel Trustee is not in fact an employee of the Department of Justice in that his services as such do not entitle him to that status. Moreover, the Department of Justice response indicates

that a Panel Trustee cannot in fact be regarded as a Department of Justice employee because of the Code of Federal Regulations, 28 C.F.R., Part 0.45 in that the Panel Trustee's principal engagement is the private practice of law.

Moreover, the Department of Justice maintains that even if the Panel Trustee in this instance had thought that he was entitled to representation by the Department of Justice he has failed utterly to follow the regulations in seeking to obtain such representation. They are set forth in 28 C.F.R. Sections 50.15 and 50.16.

Quite apart from the position of the Department of Justice in this connection a brief review of the history of the creation of Panel Trustees is helpful. Prior to the adoption of the Bankruptcy Code in 1978 there was in fact no such position as an "interim" trustee. Today, this appointment is made routinely and in the event creditors of a particular bankruptcy fail to elect a trustee of their own choosing the Interim Trustee is nominated by the Office of the U.S. Trustee to act as a permanent trustee. Duties for this office are set forth in 11 U.S.C. § 704 and need not be set forth in any detail herein. A careful reading of that section, however, clearly shows no relationship whatever with the Office of the Department of Justice of the United States, and that in fact Panel Trustees report to the Bankruptcy Court and the Office of the United States Trustee. Panel Trustees duties are identical with those elected by creditors.

In its response the Department of Justice properly points out that § 586(a)(3) of Title 28 U.S.C. provides that the U.S. Trustee has authority to "supervise the administration of cases and trustees under chapter 7, ...; whenever the United States Trustee considers it appropriate. As part of this authority, the United States Trustee oversees Panel Trustees' conduct in administering this case."

Likewise, Section 586(a)(3)(A) provides that the U.S. Trustee may "monitor applications for compensation and reimburse-

ment filed under section 330 of title 11 and, whenever the U.S. Trustee deems it to be appropriate, file with the court comments with respect to any of such applications." In the legislative history and comments to 28 U.S.C. § 581 dealing with U.S. Trustees, the following statement appears:

"The primary function of United States trustees will be to establish, maintain, and supervise panels of private trustees to serve in liquidation cases under chapter 7 of the bankruptcy code, and to serve as, or appoint standing trustees to serve as, trustees in individual repayment plan cases under chapter 13 of the code. The Attorney General will prescribe the qualifications for panel membership, which will be uniform throughout the country. The Attorney General will also prescribe qualifications for standing trustees for chapter 13 cases. However, the actual creation of the panels, the examination of candidates for membership on the panels, and the selection of standing chapter 13 trustees will be done locally by United States trustees. United States trustees will also monitor the performance of panel members and standing chapter 13 trustees in order to determine whether they should be continued in or removed from panel membership or office."

Except for certain unsupported conclusions the Panel Trustee has shown no authority whatever to support his position.

## PROTECTIVE ORDER

The Protective Order entered in this matter precludes the Panel Trustee from taking depositions of certain employees of the U.S. Trustee's Office. The Office of the U.S. Trustee relies on 28 C.F.R. § 16.21, et seq., entitled Subpart B, "Production or Disclosure in Federal and State Proceedings." Panel Trustee alleges that the Department of Justice has chosen to "selectively rely upon portions of this subpart and that said regulations are not binding upon him." This is simply not true. A fair reading of this subpart shows that the em-

ployees of the Office of the U.S. Trustee have simply followed the law and regulations and the Panel Trustee has chosen to ignore them.

## DEPOSITION

A related issue to the foregoing deals with the argument of the Panel Trustee that the office of the U.S. Trustee has made itself a party to this proceeding and in filing its objections to the Motion for Approval of Trustee's Expenses "must have used a decision-making process using certain criteria which we have a right to be made aware of." The U.S. Trustee, therefore, cannot thrust himself into a proceeding without being willing to be subjected to ordinary Discovery requests.

While this position is somewhat ambiguous it seems clear to the Court that the objections themselves clearly illustrate the criteria used by the Office of the U.S. Trustee. The most important objection of the U.S. Trustee is that no application was made for the appointment of the law firm in question as counsel to the Trustee prior to the date of March 3, 1989 with the result that all but 2.2 hours in their Time Accounting occurred prior to this time and under the current law of this Circuit is not compensable. In the Court's judgment the remaining objections, while perhaps of little relevance in view of the foregoing, are well-founded in law and deserve the attention of the Panel Trustee.

A thorough review of all papers filed by the Panel Trustee or in his behalf shows that the first mention of a nunc pro tunc application appeared in a document filed December 8, 1989, the very last paper filed in these proceedings. It appeared in the first paragraph of a Response of the Panel Trustee to the Objection of the U.S. Trustee to the Amended Fee Application of Trustee's Attorney. That paragraph reads as follows:

1. Said application includes all fees listed and is intended to be a nunc pro tunc application.

■ The only other mention of a nunc pro tunc application in this matter appeared in behalf of the Panel Trustee's Opposition to the Objections of the U.S. Trustee to the Amended Fee Application of the Panel Trustee's attorney. That document properly cites prevailing case law in this Circuit, to wit: *In the Matter of Arkansas Company, Inc.,* 798 F.2d 645 (3rd Cir.1986) and *In re F/S Air Lease II, Inc,* 844 F.2d 99 (3rd Cir.1988). The Panel Trustee recites the two pronged test set forth in the *Arkansas* case, *supra,* which reads as follows:

"First, the Bankruptcy Court must find, after a hearing, that the Applicant satisfies the disinterestedness requirements of section 327(a) and would therefore have been appointed initially; and, second, the Court, in exercise of its discretion, determine that the particular circumstances presented are so extraordinary as to warrant retroactive approval."

He concludes that the disinterestedness requirement of § 327(a) is met by virtue of the approval of his employment by this Court's Order dated March 3, 1989. Disinterestedness, however, is not a factor in this proceeding. The critical question presented is whether the Court in the exercise of its discretion has determined that the particular circumstances presented are so extraordinary as to warrant retroactive approval. The plain fact is, as the U.S. Trustee argues, that there has been no application for retroactive approval. Further, there is no statement of the existence of extraordinary circumstances which would justify retroactive approval. While the Court takes no particular satisfaction in denying this request it cannot be challenged that the Panel Trustee is one who has served for an extremely long time and has had considerable experience. In truth, there are no circumstances here which con-

ceivably can warrant retroactive approval of the appointment.

Accordingly, we decide that the Objections of the U.S. Trustee to the Amended Application for Compensation filed in behalf of the Panel Trustee's counsel are herewith SUSTAINED; the Motion for Sanctions filed by the Panel Trustee is deemed to be without merit and is, therefore, DISMISSED; the Motion of the Panel Trustee to Disqualify the United States Department of Justice acting in behalf of the U.S. Trustee is deemed to be without merit and is, therefore, DENIED. The Amended Application for Compensation by the Panel Trustee's counsel, Nogi, Appleton, Weinberger & Wren, P.C., is DENIED for the reason that it seeks nunc pro tunc approval when, in fact, no formal application for this relief was ever requested. This denial does not apply to the time spent by the Panel Trustee's counsel subsequent to its Order of Appointment on March 3, 1989.

Finally, even if we were inclined to consider the reference to the statement in the document on behalf of the Panel Trustee on December 8, 1989 as a request for retroactive approval it would similarly have to be denied as it fails to cite any extraordinary circumstances which would justify a nunc pro tunc approval.