**In re T & D TOOL, INC.**

**Civ. A. No. 90–7214.**

United States District Court, E.D. Pennsylvania.

March 7, 1991.

Jeffrey V. Matteo, Fox and Fox, Norristown, Pa., for T & D Tool, Inc.

Stephen Raslavich, Broad and Chestnut Sts., James J. O'Connell, Asst. U.S. Trustee, Philadelphia, Pa., for trustee.

MEMORANDUM AND ORDER

HUTTON, District Judge.

Presently before the Court is the unopposed appeal of Fox & Fox, counsel for debtor, T & D Tool & Die, Inc. ("Tool & Die" or the "debtor"), from an Order of the Bankruptcy Court for the Eastern District of Pennsylvania, Scholl, J., dated September 20, 1990. The appellant seeks an order directing the Bankruptcy Court to award $4,053.00 as compensation for legal services rendered the debtor in connection with the underlying bankruptcy proceeding. For the following reasons, the Bankruptcy Court's Order of September 20, 1990 is REVERSED in part and AFFIRMED in part, and REMANDED for proceedings consistent with this decision.

## I. FACTS

Fox & Fox is a law firm located at 706 One Montgomery Plaza in Norristown, Pennsylvania. On December 11, 1989, Tool & Die authorized the firm to file a voluntary petition for Chapter 11 bankruptcy. The petition was filed with the Bankruptcy Court on December 14, 1989 designating Jeffrey V. Matteo, Esquire ("Matteo") of Fox & Fox as Tool & Die's counsel.

On May 10, 1990, the Tool & Die filed a motion to have Fox & Fox appointed as counsel. The motion specified, in relevant part, as follows:

2. Moving party requires the assistance of counsel to prepare the Petition, Statements and Schedules, Disclosure Statement, Reorganization Plan, Motion for Approval of Disclosure Statement, and needs the services of counsel to negotiate with creditors, secure acceptances for the plan of reorganization, and defend the debtor against adversary proceedings

filed by creditors and holders of executory contracts.

3. T & D Tool & Die, Inc. has no connection with Fox & Fox, other than representation in this matter, and for representation in a previous Chapter 11 Bankruptcy proceeding. Debtor has no interest to the law firm of Fox and Fox.[1]

\* \* \* \* \* \*

5. Debtor paid Fox & Fox a retainer of $1,500 on December 12, 1986, out of which Fox & Fox paid the Chapter 11 filing fee on December 14, 1989. Debtor agreed that counsel would bill debtor at the rate of $100.00 per hour, and that counsel would work against the unused portion of the retainer and would bill the debtor if additional fees earned, all of which is subject to later approval of this Court.

6. Counsel for the debtor will file an application for counsel fees at the time of, or shortly after, confirmation of the reorganization plan.

Record on Appeal, Document # 30.

By notice from the Clerk of the Bankruptcy Court dated May 21, 1990, creditors and parties in interest were informed of the debtor's motion for appointment of Fox & Fox as counsel. The notice, in pertinent part, reads as follows:

Any creditor or party in interest may file an answer, objections or other responsive pleading, or request a hearing, stating the reasons why a hearing is necessary, with the Clerk, U.S. Bankruptcy Court, 3726 U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, and serve a copy on the counsel forth applicant, whose name an address appear below,[2] on or before 20 days from the date of this notice.

---

1. Accompanying T & D's motion for appointment of counsel was the affidavit of Matteo which provides, in pertinent part, that:

3. The firm has no connection with T & D Tool & Die, Inc., the above named debtor, its creditors, or any other party in interest herein, or their respective attorneys or accountants, except that the firm represents the debtor in this proceeding, and has represented it in another legal matter during the period 1985 to 1988.

4. The firm represents no interest adverse to T & D Tool & Die, Inc. as debtor in possession herein, or its estate in the matters upon which it is engaged.

Record on Appeal, Document # 30.

2. Counsel for the applicant was listed as:

JEFFREY V. MATTEO, ESQUIRE
706 One Montgomery Plaza
Norristown, PA 19401
215–275–7990

In the absence of the foregoing answers, objections, responsive pleadings or requests for hearing, counsel for the debtor shall certify that fact within twenty-five days from the date of this notice, the absence of such filing and serving, and the Court may, upon consideration of the record, grant the application.

Record on Appeal, Document #34.

On May 24, 1989, Fox & Fox filed a Praecipe To Convert To Chapter 7. Record on Appeal, Document #32. By Order of the Bankruptcy Court dated June 1, 1990, the Chapter 11 reorganization was converted to a Chapter 7 liquidation. Record on Appeal, Document #35.

On June 19, 1990, Matteo filed a certification with the Bankruptcy Court indicating that no answer, objection, other responsive pleading or request for a hearing had been served upon debtor's counsel. The certification also requested that the motion for appointment of counsel be granted. Record on Appeal, Document #36.

On August 15, 1990, the Bankruptcy Court mailed an Amended Notice of Application for Compensation which provided as follows:

To the Debtor, Counsel for the Debtor, all Creditors and Parties in interest, NOTICE IS GIVEN THAT:

Debtor's counsel does hereby seek approval of compensation of $4,053.00 representing a fee of $3,450.00 and expenses of $603.00 through July 31, 1990.

The counsel fee and expenses requested in connection with the Chapter 11 case is $3,142.00, representing a fee of $2,575.00 and expense of $567.00

The counsel fee and expenses requested in connection with the Chapter 7 case of $875.00, representing a fee of $875.00 and expense of $36.00 through July 31, 1990.

The attorney's fee herein is based on 34½ hours. This includes 25¾ spent in connection with the Chapter 11 case, and 8¾ hours spent n connection with the Chapter 7 case. Petitioner's normal rate for matters of average difficulty is One Hundred Dollars ($100.00 per hour).

Any creditor or party in interest may file an answer, objections or other responsive pleading, or request a hearing, stating the reasons why a hearing is necessary, with the Clerk, U.S. Bankruptcy Court, 3726 U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, and serve a copy on the counsel forth applicant, whose name an address appear below,[3] on or before 20 days from the date of this notice.

In the absence of the foregoing answers, objections, responsive pleadings or requests for hearing, counsel for the debtor shall certify that fact within twenty-five days from the date of this notice, the absence of such filing and serving, and the Court may, upon consideration of the record, grant the application.

Record on Appeal, Document #65.

On September 13, 1990, Fox & Fox certified to the Bankruptcy Court that no answer, objection, other responsive pleading or request for a hearing had been received. The certification requested, *inter alia,* that the fees in the case be approved. Record on Appeal, Document #69.

By Order dated September 20, 1990, the Bankruptcy Court denied the request for fees in connection with the Chapter 11 case. The Bankruptcy Court reasoned that the Fox & Fox was never appointed counsel for the debtor in the Chapter 11. With regard to the Chapter 7, the Bankruptcy Court awarded Fox & Fox $475.00 in counsel fees plus $24.00 in costs. This appeal followed.

## II. DISCUSSION

### A. *Standard*

 A district court's review on the bankruptcy court's factual findings is under the clearly erroneous standard. *F/S Airlease II, Inc. v. Simon,* 844 F.2d 99, 103 (3d Cir.), *cert. denied,* 488 U.S. 852, 109

**3.** Counsel for the applicant was again listed as follows:

JEFFREY V. MATTEO, ESQUIRE

706 One Montgomery Plaza
Norristown, PA 19401
215-275-7990

S.Ct. 137, 102 L.Ed.2d 110 (1988). Conclusions of law are subject to plenary review. *Id.; see also Matter of Highway Truck Drivers and Helpers Local Union,* 98 B.R. 698, 702 (E.D.Pa.), *vacated on other grounds,* 888 F.2d 293 (3d Cir.1989). The bankruptcy court has broad discretion to deny attorney's fees, and the bankruptcy court's decision in that regard will be disturbed on appeal only upon a showing of abuse of discretion. *In re Lawrence A. Paster,* 119 B.R. 468, 469 (E.D.Pa.1990) (11 U.S.C. § 330) (citing *In re Metro Transp. Co.,* 107 B.R. 50, 51 (E.D.Pa.1989)); *In re Philadelphia Athletic Club, Inc.,* 38 B.R. 882, 883 (Bankr.E.D.Pa.1984) (11 U.S.C. § 328(c)).

### B. *Analysis*

A debtor-in-possession is afforded certain rights, powers and duties under the Bankruptcy Code. 11 U.S.C. § 1107 (1979 & Supp.1990). Section 1107(a) provides as follows:

> Subject to any limitations on a trustee serving in a case under this chapter, and to such limitation or conditions the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4), of this title, of a trustee serving in a case under this chapter.

11 U.S.C. § 1107(a) (Supp.1990). With court approval, a trustee under Chapter 11 may employ attorneys to assist in the performance of the trustee's duties. 11 U.S.C. § 327 (1979 & Supp.1990). Section 327(a) provides:

> (a) Except as otherwise provide in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustees' duties under this title.

11 U.S.C. § 327(a)(1979). *See also* Bankruptcy Rule 2014(a).

Section 327 is applicable to debtors in possession seeking appointment of counsel under § 1107. *In re Auto West, Inc.,* 43 B.R. 761, 762 n. 2 (Bankr.D.Utah 1984); *see also Temp–Way Corp v. Continental Bank, (In re Temp–Way Corp.),* 95 B.R. 343, 345 (E.D.Pa.1989) (Bechtle, J.). Accordingly, an attorney for the debtor must meet the requirements of § 327(a). *In re Watson,* 94 B.R. 111, 114 (Bankr.S.D. Ohio 1988), *reconsideration denied,* 102 B.R. 112 (Bankr.S.D.Ohio 1989); *In re Giant Markets, Inc.,* 28 B.R. 335, 336 (Bankr. M.D.Pa.1983). This includes the requirement that attorneys obtain court authorization before performing services for a debtor in possession. *In re Fruits Int'l, Inc.,* 87 B.R. 769, 771 (Bankr.D.P.R.1988). Bankruptcy Courts are entitled to disallow any compensation to attorneys who provide services to Chapter 11 debtors without court approval. *In re Lewis,* 30 B.R. 404, 405 (Bankr.E.D.Pa.1983) (citing *In re Hydrocarbon Chemicals, Inc.,* 411 F.2d 203 (3d Cir.), *cert. denied,* 396 U.S. 823, 90 S.Ct. 76, 24 L.Ed.2d 74 (1969); *In re Calpa Prods. Co.,* 411 F.2d 1373 (3d Cir.1969)); *see also Ibbetson v. United States Trustee (In re Ibbetson),* 100 B.R. 548, 549 (D.Kan. 1989); *Re S.T.N. Enters., Inc.,* 70 B.R. 823, 831 (Bankr.D.Vt.1987) (citations omitted).

Fox & Fox disputes the Order of the Bankruptcy Court denying compensation for fees and costs incurred in representing the debtor in the Chapter 11 proceeding. First, the firm argues that upon conversion to Chapter 7 the entitlement to fees and costs is governed by the requirements applicable to Chapter 7 debtors and extends retroactively to the filing of the petition. Fox & Fox contends that court approval to employ counsel to assist a Chapter 7 debtor is not mandated and, therefore, the fact that such approval was not obtained is irrelevant. This Court disagrees.

Fox & Fox has not cited nor has this Court uncovered a single case supporting this relation-back argument as it applies to §§ 327 or 1107(a). Instead, the firm draws analogies to asset valuation, Chapter 13

repayment plans and the period for determining preferential transfers. These analogues are unsuitable here. A debtor-in-possession and counsel who represent it are fiduciaries for the creditors in the "highest sense of the term fiduciary." *In re Greater Pottsdown Community Church,* 80 B.R. 706, 710 (Bankr.E.D.Pa. 1987) (quoting *Wolf v. Weinstein,* 372 U.S. 633, 643–53, 83 S.Ct. 969, 967–81, 10 L.Ed.2d 33 (1963)). Consistent with this status, the purpose of §§ 327 and 1107(a) is to insure, in advance, the employment of debtor's counsel to the estate and that such counsel is disinterested and able to serve the best interests of the estate. *See In re Cormier,* 35 B.R. 424, 426 (D.Me.1983). This scrutiny is particularly warranted when counsel's compensation is to be paid from funds administered in the case pending before the bankruptcy court. *See In re First Federal Corp.,* 43 B.R. 388, 389 (Bankr.W.D.Va.1984). To achieve these goals, § 327(a) places the responsibility for the selection and ultimate payment of retained professionals directly under the jurisdiction of the bankruptcy court.

■ Conversion to a Chapter 7 at some point in a Chapter 11 reorganization should not be construed so as to defeat the provisions of §§ 327(a) and 1107(a); otherwise, the statutory framework designed for the protection of Chapter 11 creditors and for the preservation of the integrity of Chapter 11 proceedings would be undermined. As is clear from the above analysis, the provisions of 11 U.S.C. § 327(a) and for that matter, § 1107(a), should only be varied for compelling reasons. *Cf. In re First Federal Corp.,* 43 B.R. at 389 (citations omitted). Indeed, the Third Circuit has demonstrated this rigidity by limiting the circumstances where *nunc pro tunc* orders approving

professional appointments to "exceptional circumstances." *F/S Airlease II, Inc. v. Simon,* 844 F.2d at 105. Therefore, this Court holds that a subsequent conversion from a Chapter 11 to a Chapter 7 proceeding does not vitiate the responsibility of the debtor to seek court approval in advance of employing counsel in connection with a Chapter 11 case.

■ Second, Fox & Fox maintains that it would be inequitable to deny the firm fees and costs associated with the Chapter 11 proceeding since the motion for appointment of counsel was timely filed and was never acted upon by the Bankruptcy Court. In denying fees and costs to Fox & Fox for Chapter 11 services, the Bankruptcy Court cited *In re John S. Trinsey,* 115 B.R. 828, 831–32, 834–36 (Bankr.E.D.Pa.1990) and *In re Saint Joseph's Hospital,* 102 B.R. 416, 417–18 (Bankr.E.D.Pa.1989). *Trinsey* is apparently cited for the proposition that § 1107 requires a Chapter 11 debtor-in-possession to seek court approval before employing an attorney whereas that same requirement is inapplicable to a Chapter 7 debtor out-of-possession in a reorganization case. In *Saint Joseph's,* wherein pre-petition fees sought by the debtor's counsel were disallowed, the court held that professionals are not entitled to compensation prior to court approval unless extraordinary circumstances warrant the issuance of an order *nunc pro tunc.*[4]

This Court finds that reliance on *Trinsey* and *Saint Joseph's* to be inappropriate in this case. Unlike those two cases, the debtor's motion for appointment of counsel was timely filed. At least two notices were sent from the Bankruptcy Court to creditors and parties in interest inviting those parties to serve upon counsel for the debtor, Fox & Fox, an answer, objections, re-

---

4. Bankruptcy courts may, under exceptional circumstances, use their equitable powers and grant *nunc pro tunc* orders approving employment of counsel to alleviate the harsh results of the per se rule. *See In re Arkansas,* 798 F.2d 645, 648–50 (3d Cir.1986). The Third Circuit has articulated a two-part test to determine the propriety of such retroactive approval: "first, the bankruptcy court must find, after a hearing, that the applicant satisfies the disinterestedness requirements of section 327(a) and would there-

fore have been approved initially; and, second, the court must, in the exercise of its discretion, determine that the particular circumstances are so extraordinary as to warrant retroactive approval." *F/S Airlease II, Inc. v. Simon,* 844 F.2d at 105 (citing *In re Arkansas,* 798 F.2d at 650)); *see also Hospitality, Ltd. v. Fidelity Sav. & Loan Co. (re Hospitality, Ltd.,* 86 B.R. 59, 65 (Bankr. W.D.Pa.1988). In the instant case, no application for *nunc pro tunc* approval was filed.

quests for a hearing or other responsive pleadings. The notices also directed Fox & Fox to certify the lack of any such response within a 25 days of the date of the notice. Fox & Fox timely and appropriately responded to the Bankruptcy Court's directives on two occasions: first, with regard to the Motion for Appointment of Counsel and second, with respect to the Amended Motion for Approval of Fees. Despite Fox & Fox's compliance with the court's instructions, the Bankruptcy Court did not enter an order denying or granting the Motion for Appointment of Counsel.[5] Moreover, the record plainly suggests that the Bankruptcy Court had knowledge that Fox & Fox represented the debtor throughout the Chapter 11 and Chapter 7 proceedings.

This Court concludes that the Bankruptcy Court abused its discretion in denying that portion of the fee application seeking compensation for services provided in connection with the Chapter 11 proceeding. The amended application for counsel fees and costs could not have been properly considered in its entirety without due consideration of the debtor's Motion for Appointment of Counsel which was filed some four months earlier and absent opposition.[6] Therefore, this Court hereby remands this case to the Bankruptcy Court for consideration of the debtor's Motion for Appointment of Counsel[7] and reconsideration of the Amended Motion for Approval of Fees.

---

**5.** The Bankruptcy Court issued an order dated June 29, 1990, approving Fox & Fox as the debtor's counsel in separate bankruptcy proceeding. *In re Pot Belli Delli, Inc.,* Bankruptcy No. 90–10694F. (A Copy of the June 29, 1990 Order is attached as Appendix 3 to the Appellant's Brief). This is the same order Fox & Fox submitted for approval of counsel in the Tool & Die case.

**6.** Neither the debtor nor debtor's counsel should be penalized for the Bankruptcy Court's inaction.

**7.** Fox & Fox also asserts that the fees and costs were reasonable under 11 U.S.C. § 330(a)(1). This is a consideration for the Bankruptcy Court on remand.