**In re T & D TOOL, INC.**

**Civ. A. No. 91–5376.**

United States District Court,
E.D. Pennsylvania.

Oct. 3, 1991.
Order on Grant of Reconsideration
Nov. 5, 1991.

Jeffrey V. Matteo, Fox and Fox, Norristown, Pa., for debtor.

Steven Raslavich, Philadelphia, Pa., trustee.

## MEMORANDUM AND ORDER

HUTTON, District Judge.

Presently before the Court is the unopposed appeal of Fox & Fox, counsel for the debtor, T & D Tool & Die, Inc., from the Order dated July 10, 1991 of the Bankruptcy Court for the Eastern District of Pennsylvania, Scholl, J. For the following reasons, the Order of the Bankruptcy Court is AFFIRMED.

### FACTS

The facts of this case, with the exception of the following additional matters, are fully set forth in this Court's prior opinion. *In re: T & D Tool & Die, Inc.,* 125 B.R. 116, 117–18 (E.D.Pa.1991) (hereinafter "T & D I"). Upon remand, the Bankruptcy Court considered the counsel for debtor's motion for appointment of counsel to the debtor *nunc pro tunc* and counsel for debtor's amended motion for counsel fees. A hearing was held on the motion for appointment *nunc pro tunc* at which no opposition was raised except for a statement by the United States Trustee to the effect that the movant bore the burden of meeting the standard for appointment *nunc pro tunc.* On July 10, 1991, the Bankruptcy Court issued an order denying counsel for debtor's motion for appointment *nunc pro tunc* on the basis that the standards in *In re F/S Airlease II v. Simon,* 844 F.2d 99 (3d Cir.1988) had not been met by counsel for the debtor. In the same order, the court allowed counsel fees for the period beginning May 10, 1990, the date the original motion for appointment of counsel was

filed. The court, *sua sponte,* reviewed the requested compensation for the applicable period and entered an order granting the amount it considered appropriate. Counsel for the debtor appealed to this Court raising the issues of whether counsel must be appointed in a Chapter 11 bankruptcy and whether the Bankruptcy Court erred in denying counsel for debtor's motion for appointment *nunc pro tunc.*

### DISCUSSION

■ A district court's review of the bankruptcy court's factual findings is under the clearly erroneous standard. *In re F/S Airlease II v. Simon,* 844 F.2d 99, 103 (3d Cir.), *cert. denied,* 488 U.S. 852, 109 S.Ct. 137, 102 L.Ed.2d 110 (1988) [hereinafter *"F/S Airlease"*]. Conclusions of law are subject to plenary review. *Id.; see also Matter of Highway Truck Drivers and Helpers Local Union 107,* 98 B.R. 698, 702 (E.D.Pa.), *vacated on other grounds,* 888 F.2d 293 (3d Cir.1989). The Bankruptcy Court has broad discretion to deny attorney's fees, and the bankruptcy court's decision in that regard will be disturbed on appeal only upon a showing of abuse of discretion. *In re: Lawrence A. Paster,* 119 B.R. 468, 469 (E.D.Pa.1990) (citing 11 U.S.C. § 330; *In re: Metro Transp. Co.,* 107 B.R. 50, 51 (E.D.Pa.1989)). However, where the application for approval of fees is unopposed, that discretion is more limited. *In re: Jensen's Interiors, Inc.,* No. 91-3710, 132 B.R. 105 (E.D.Pa. September 7, 1991).

■ This Court's prior decision in *T & D I* clearly stated that in order to receive fees, counsel for the debtor must be appointed by the court for the period for which counsel is seeking fees. 125 B.R. at 119. Such position has clear support in decisions which have considered the impact of 11 U.S.C. § 327(a) and 1107(a) on the employment of counsel by the debtor. *Id.* "Without the requisite court approval there is no right to compensation." *Ibbetson v. United States Trustee,* 100 B.R. 548, 549 (D.Kan.1989). Unless the order of the Bankruptcy Court allows for retention *nunc pro tunc,* the attorney may not re-

ceive fees for the period before the retention order was signed. *In re: Citrone Development Corp.*, 106 B.R. 359, 361 (Bankr.S.D.N.Y.1989).

In addition to this Court's prior decision in *T & D I*, other courts in the Third Circuit have required court approval of the debtor's counsel before allowing fees. *In re: Wellington Development of Florida, Inc.*, 119 B.R. 65, 66 (Bankr.W.D.Pa.1990). *See In re: Southern Tier Energy Products, Inc.*, 109 B.R. 96, 100 (Bankr.M.D.Pa.1989); *In re: Mason*, 66 B.R. 297, 301 (Bankr. D.N.J.1986). As this Court held in *T & D I*, this position is not only the most consistent reading of the statutes, but also a contrary rule might undermine the statutory framework of §§ 327(a) and 1107(a). *T & D I*, 125 B.R. at 120. The United States Court of Appeals for the Fifth Circuit held that a combination of § 1107(a), § 327(a) and the Bankruptcy Rules make clear the requirement that court approval be sought and granted before the debtor may retain counsel. *In re: Triangle Chemicals*, 697 F.2d 1280, 1283–84 (5th Cir.1983). The Third Circuit considered the issue under the Bankruptcy Act and decided the issue in a similar fashion. *In re: Hydrocarbon Chemicals, Inc.*, 411 F.2d 203 (3d Cir.), *cert. denied*, 396 U.S. 823, 90 S.Ct. 76, 24 L.Ed.2d 74 (1969).

Requiring counsel for the debtor to receive court approval before allowing fees is not so onerous a burden that it negatively impacts upon the debtor or the administration of the Chapter 11 estate. Prior court approval is required under the code to insure that there are no conflicts of interest and that counsel is capable. The Court finds no reason raised by the appellant, or otherwise, which requires that it deviate from such an established and rational position. The Court cannot adopt the appellant's position as to its first issue on appeal. The Court must now address whether the Bankruptcy Court's denial of appointment *nunc pro tunc*, which the appellant had sought to remedy his initial failure to obtain court approval, was correct.

■ The Bankruptcy Court denied the appellant's application for appointment *nunc pro tunc* after a review of the standards set down by the Third Circuit in *F/S Airlease*, 844 F.2d 99, 105–09 (3d Cir.1988). The Bankruptcy Court found that the appellant had failed to establish any extraordinary factors or extraordinary time pressure which prevented the appellant from seeking prompt court approval. *In re: T & D Tool & Die, Inc.*, No. 89–14645S (Bankr. E.D.Pa. July 10, 1991). The court found that the delay in filing for approval was substantial, approximately one year from the Chapter 11 petition. *Id.* Although the court refused to grant *nunc pro tunc* relief, the court did order appointment effective the date the appellant filed his original application for appointment of counsel, and then determined the appropriate fee. *Id.*

■ The Bankruptcy Court applied the correct standard of law when ruling on the *nunc pro tunc* application. That standard contains two parts. *F/S Airlease*, 844 F.2d at 105. The first part requires the court to determine whether counsel would have initially been approved under the disinterestedness standard of § 327(a). *Id.* This issue was not raised below, and the Court will consider this first part satisfied. The second part of the test requires that the court, in exercising its discretion, find that the particular circumstances are so extraordinary as to warrant retroactive approval. *Id.* at 105 (citing *In re: Arkansas Co.*, 798 F.2d 645, 650 (3d Cir.1986)).

■ The factors which the Third Circuit set forth as guidance are as follows:

"whether the applicant or some other person bore responsibility for applying for approval; whether the applicant was under time pressure to begin service without approval; the amount of delay after the applicant learned the initial approval had not been granted; the extent to which compensation to the applicant will prejudice innocent third parties; and other relevant factors."

*F/S Airlease*, 844 F.2d at 105–06. In interpreting the standards set forth in *Arkansas* and *F/S Airlease*, one court has held that mere attorney negligence in failure to achieve a timely court order is not sufficient for extraordinary circumstances. *In*

*re: Mason*, 66 B.R. 297, 308 (Bankr. D.N.J.1986). It is immaterial and irrelevant to the decision on *nunc pro tunc* approval whether counsel has provided beneficial services to the debtor. *Id.* To hold otherwise would lessen the court's control over the attorneys which Congress has envisioned. *Id.* This approach has been followed in other jurisdictions considering similar situations. *Ibbetson v. United States Trustee*, 100 B.R. 548, 550 (D.Kan. 1989). In *Ibbetson,* the court applied the standards developed by *Arkansas* and found that inadvertence or neglect by the debtor's counsel was not sufficient to establish extraordinary circumstances. *Id.* at 551.

In reviewing the Bankruptcy Court's decision in the present case, this Court finds there was no abuse of discretion. The Bankruptcy Court applied the proper standard of law when making its determination. It applied those standards and found no extraordinary circumstances justifying *nunc pro tunc* approval. The Bankruptcy Court reviewed the standard as it applied to appellant's application and found appellant had not met its burden. This Court must affirm the Bankruptcy Court's decision.

ON MOTION FOR RECONSIDERATION

■ AND NOW, this 5th day of November, 1991, upon consideration of the Motion for Reconsideration of Appellant, Fox & Fox, of this Court's Order dated October 2, 1991, IT IS HEREBY ORDERED that the Motion for Reconsideration is GRANTED. IT IS FURTHER ORDERED that the Order of the Court dated October 2, 1991, is amended and the decision of the Bankruptcy Court dated July 10, 1991 is Reversed and Remanded only as it disallows compensation for the time during which the Appel-

lant was appointed as counsel.[1] The remainder of the decision of the Bankruptcy Court of July 10, 1991 is Affirmed in accordance with this Court's decision of October 2, 1991.

---

1. The Bankruptcy Court disallowed *sua sponte* a portion of the fees requested by the Appellant which were incurred after the Appellant was appointed by the court. This Court agrees with the court in *In re Jensen's Interiors, Inc.,* No. 91–3710 (E.D.Pa. September 12, 1991, Newcomer, J.), that a Bankruptcy Judge does not have the power to *sua sponte* reduce the fees requested by counsel absent an objection to those fees by a party in interest. To the extent that fees re-

quested by the Appellant incurred during the time he was appointed as counsel were disallowed *sua sponte,* that portion of the Bankruptcy Court's order is reversed and remanded with directions to the Bankruptcy Court to enter an order allowing those fees previously disallowed. The remainder of the Bankruptcy Court order of July 10, 1991 is affirmed in accordance with this Court's decision on October 2, 1991.