**In re RHEAM OF INDIANA, INC., Debtor.**

**Civ. A. No. 92–1908.
Bankruptcy No. 87–06459S.**

United States District Court,
E.D. Pennsylvania.

June 29, 1992.

W.J. Winterstein, Jr., Rawle & Henderson, Philadelphia, Pa., for debtor.

Jeffrey D. Cooper, Domenic E. Pacitti, Lesser and Kaplan, Blue Bell, Pa., for appellant, William F. Comly & Son, Inc.

Edward J. Di Donato, Ciardi, Fishbone & Di Donato, Philadelphia, Pa., for trustee, Anthony Barone.

Frederic J. Baker, Philadelphia, Pa., trustee.

## MEMORANDUM AND ORDER

GAWTHROP, District Judge.

William F. Comly & Son, Inc., brings this appeal, under 28 U.S.C. § 158(a), from the February 27, 1992, 137 B.R. 151, Final Order and Judgment of the Bankruptcy Court, seeking commissions and expenses, under 11 U.S.C. 330(a), as a auctioneer appointed *nunc pro tunc*.

## BACKGROUND

In May–June 1988, Appellant Comly, with the assurance of the bankruptcy Trustee that the necessary paperwork would be filed, served as auctioneer for an urgent removal and sale of debtor's property, and now seeks payment for its services. The Trustee and the owner of the premises, where debtor's property was located, entered into a stipulation, by which the Trustee agreed to retain the serves of Comly Auction Company to remove all Debtor's property from the present location." (Document No. 18, Record on Appeal). That stipulation was approved by the Bankruptcy Court on May 13, 1988, before the auction. After the auction, on July 19, 1988, Comly, relying on the representations of the Trustee and the approved Stipulation of the Bankruptcy Court, applied for commissions of $4,924.21 and expenses of $10,000. The Bankruptcy Court granted that request. However, in its February 26, 1990, Order and Opinion, the Bankruptcy Court concluded that Comly had not received the prior approval of the Court to serve as auctioneer, as required under 11 U.S.C. § 330(a), and denied it commission and expenses. Comly has now appealed to this court to approve its appointment as auctioneer *nunc pro tunc* because of the extraordinary circumstances surrounding the auction. This case has been appealed to the District Court and remanded since the February 1990 order of the Bankruptcy Court. On February 27, 1992, the Bankruptcy Court entered an Order and Opinion which denied Comly's motion to be appointed *nunc pro tunc* along with its application for commission and expenses. It is this last order that is on appeal before this court.

## DISCUSSION

■ A District Court reviews the Bankruptcy Court's factual findings under a clearly erroneous standard. *F/S Airlease II, Inc. v. Simon*, 844 F.2d 99, 103 (3d Cir.1988), *cert. denied*, 488 U.S. 852, 109 S.Ct. 137, 102 L.Ed.2d 110 (1988). Generally, the Bankruptcy Court has broad discretion to deny professional fees, subject to abuse-of-discretion review. *In re: Lawrence Paster*, 119 B.R. 468, 49 (E.D.Pa. 1990). However, that discretion is more limited when considering an unopposed application for approval of fees, as here. *In re: T & D Tool, Inc.*, 132 B.R. 525, 526 (E.D.Pa.1991), *citing, In re: Jensen's Interiors, Inc.*, 132 B.R. 105 (E.D.Pa.1991).

The Bankruptcy Court was initially reluctant to penalize Comly for the shortcomings of Trustee's Counsel. *In re: Rheam of Indiana, Inc.*, 111 B.R. 87, 95 (Bkrtcy. E.D.Pa.1990). On remand from the District Court, the Bankruptcy Court was directed:

If, in the exercise of its discretion, the Court determined that extraordinary circumstance did not exist, it was error for the court to grant any compensation for services performed before appointment. *See F/S Airlease*, 844 F.2d at 109. If on the other hand, the bankruptcy court determined that Comly's failure to obtain advance appointment was excusable, Comly was entitled to "reasonable compensation" for all "actual, necessary services" performed. *See* 11 U.S.C. § 330(a).

Since there are no findings of facts on the record as to the existence of "extraordinary circumstances," the case must be remanded to the bankruptcy court. If, on remand, the bankruptcy court determined that Comly is entitled to compensation for services performed prior to appointment, the Court will be required to address whether the compensation requested is reasonable.

*In re: Rheam of Indiana, Inc.*, 133 B.R. 325, 338 (E.D.Pa.1991).

The Third Circuit has held that "bankruptcy courts may, in extraordinary circumstances, grant retroactive approval of professional employment." *In re: Arkansas Co.*, 798 F.2d 645 (3d Cir.1986). It identified four factors which the Bankruptcy Court should consider in determining extraordinary circumstances:

Whether the applicant or some other person bore responsibility for applying for approval, whether the applicant was under time pressure to being service without approval, the amount of delay after the applicant learned that initial approval had not been granted, the extent to which compensation to the application will prejudice innocent third parties, and other factors.

*In re: Arkansas Co.*, 798 F.2d 645 (3d Cir.1986).

■ Here, when those four factors are applied to the facts of record, they weigh in favor of Comly; hence, the bankruptcy court's denial falls outside the range of discretion contemplated by the Third Circuit, particularly in considering an unopposed application for fees.

### 1. *Responsibility to Apply for Approval of Appointment*

The Trustee was responsible for applying for approval of Comly's appointment as auctioneer. An auctioneer is not permitted to file an application for itself. "[A]n order approving the employment of attorneys, accountants, appraisers, *auctioneers*, agents ... shall be made only on application of the Trustee." Bankruptcy Rule 2014(a). Thus, it was the Trustee's responsibility to make the application, and the Trustee's counsel's fault, as found by the Bankruptcy Court, that the application was not completed in time. *In re: Rheam of Indiana, Inc.*, 111 B.R. 87, 95 (Bkrtcy.E.D.Pa.1990). Hence, this factor weighs in favor of appellant.

### 2. *Time Pressure to Begin Service*

Comly was under time pressure to begin service without approval and relied upon the Bankruptcy Court's approval of the stipulation, of May 13, 1988. The owner of the premises where the debtor's property was located had moved for relief from the automatic stay, under 11 U.S.C. § 362, and reached agreement with the Trustee to have the debtor's property removed as soon as possible, through the services of appellant Comly. In its initial Opinion, the Bankruptcy Court noted that "[b]efore a

hearing could be held on the § 362(d) motion [for relief from the automatic stay], the matter was resolved by the Trustee's agreement to have William F. Comly & Son Co., an auctioneer firm, remove the inventory. *In re: Rheam of Indiana, Inc.*, 111 B.R. 87, 91 (Bkrtcy.E.D.Pa.1990). Comly complied with the stipulated approved by the Bankruptcy Court, and as this court held

> [a] professional's reliance on actions by the bankruptcy court are also clearly relevant to whether he or she was justified in beginning work before formal approval. Comly, or Trustee's counsel, may have reasonably understood the court's approval of the stipulation to be interim approval of Comly's hire, at least for the specific purpose of moving the property.

*In re: Rheam of Indiana*, 133 B.R. 325, 338 (E.D.Pa.1991). Since there was time pressure and reliance upon the Trustee and the court-approved stipulation, this factor also weighs in appellant's favor.

### 3. *Delay in Application for Appointment*

The appellant did not delay application for appointment. In fact, the Trustee applied to appoint Comly as auctioneer on April 20, 1988, several weeks before the auction began. Comly argues that it did not apply earlier for appointment *nunc pro tunc* because it relied upon the Trustee's assurance and the Court-approved stipulation that appointment was secured, rendering appointment *nunc pro tunc* unnecessary. Since the application was timely, this factor also weighs in appellant's favor.

### 4. *Prejudice to Third Parties*

Compensating Comly would not prejudice third parties. Comly's appeal is unopposed. The Trustee supports Comly's motion, and the United States Trustee similarly said that should extraordinary circumstances be found, it would support Comly's request. (Doc. 18, Record; Transcript at 19). The auction brought $68,000, some $18,000 more that the initial estimate.

Comly's ability and willingness to respond the emergency, saved the Trustee litigation and the creditors the added encumbrance of a landlord's lien on debtor's estate. Hence, this factor weighs in appellant's favor as well.

Since all four factors weigh in favor of finding extraordinary circumstances which would justify appointment of appellant *nunc pro tunc*, the Bankruptcy Court's denial of appellant's motion for appointment must be vacated as an abuse of discretion.

■ The remaining inquiry is whether the commission and expenses submitted by appellant are reasonable. As this court instructed on remand, "if ... the bankruptcy court determine[s] that Comly's failure to obtain advance appointment was excusable, Comly [is] entitled to 'reasonable compensation' for all 'actual, necessary services' performed." *In re: Rheam of Indiana*, 133 B.R. 325, 338 (E.D.Pa.1991); *See* 11 U.S.C. § 330(a). The auction, conducted at the Trustee's request upon order of the Bankruptcy Court, was necessary to avoid imminent attachment of debtor's estate by the landlord. The itemized expenses were labor and supervisory expenses required for that necessary auction. Comly's commissions were in line with the percentage allowance approved by the Bankruptcy Court's Order of July 19, 1988. The necessary, actual expenses are reimbursable under two provisions of the Bankruptcy Code, 11 U.S.C. § 330(a)(2),[1] and 11 U.S.C. § 503(b)(1)(A),[2] as non-discretionary required administrative expenses required by the Trustee. These are a class of expenses which appellate decisions have held cannot be denied, where the expenses are clearly applicable to specific services performed for the Trustee. *See, e.g., In re National Paragon Corp.*, 87 B.R. 11 (E.D.Pa.1988). Under either theory, Comly's request for expenses related to the emergency auction are reimbursable, as necessary, adequately documented, actual expenses. Hence, the Bankruptcy Court's denial of commission and expenses shall be

---

1. "The Court may award to ... a professional person employed under § 327 or 1103 of this title reimbursement for actual necessary expenses." 11 U.S.C. § 330(a)(1).

2. "[T]here shall be allowed administrative expenses ... including the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case ..." 11 U.S.C. § 503(b)(1)(A).

vacated.[3]

As a *nisi prius* judge I am acutely—and, on occasion, pleasantly—aware of how stringent a standard of review is the abuse-of-discretion test. *United Telegraph Workers, AFL–CIO v. Western Union,* 771 F.2d 699, 703 (3d Cir.1985); *Cf. In re: Carter,* 100 B.R. 123, 126 (D.Me.1989). A reviewing tribunal, when contemplating that high hurdle, may not set aside the decision of a lower court lightly, to say the least. Stringent as that standard is, however, it is not so impregnable a shield as to render a decision utterly unupsetable on appeal.

Hence, the order which follows.

### ORDER

AND NOW, this 26th day of June, 1992, upon consideration of the appeal by William F. Comly & Sons, Inc. of the February 27, 1992, Final Judgement and Order of the Bankruptcy Court, under 28 U.S.C. § 158(a), it is ORDERED that the ORDER is VACATED and Appellant Comly's Motion for Appointment as Auctioneer for the Chapter 7 Trustee *nunc pro tunc* is GRANTED along with its Application and Supplemental Application for Commissions and Reimbursement of Expenses.

**3.** Appellant also raised an issue, which I need not reach today, challenging the bankruptcy court's independent, *sua sponte* authority to review applications for payment of commissions and reimbursements of expenses, absent the District Court's instruction on remand. *See, In re: Rheam of Indiana,* 133 B.R. 325 (E.D.Pa. 1991). In particular, appellant urges that the Bankruptcy court exceeded the mandate of the remand by its *sua sponte* denial of payment of commissions and reimbursement for expenses, under 11 U.S.C. § 330(a). Although in remanding, I held that the Bankruptcy Court's *sua sponte* reduction in fees was not error *per se,* the issue of non-discretionary, actual, required administrative costs, say appellants, is different, especially when, as here, extraordinary circumstances exist.