**In re JENSEN'S INTERIORS, INC., Debtor.**

**No. 91–3710.**

United States District Court, E.D. Pennsylvania.

Sept. 12, 1991.

Eugene Orlando, Jr., Orlando & Strahn, Reading, Pa., for debtor.

## MEMORANDUM

NEWCOMER, District Judge.

The instant case is a Bankruptcy appeal brought by the debtor to vacate the Bankruptcy Court's reduction of requested attorney's fees. The appeal is unopposed. For the reasons that follow, the appeal shall be sustained and the Bankruptcy Court's Order vacated.

## I. FACTUAL BACKGROUND

On July 26, 1989, appellant's attorney was retained for representation and to prepare a Chapter 11 Petition. Appellant's Brief at 3, (No. 91–3710). After filing a Chapter 11 petition and milling through records it became clear to debtor's attorney that Chapter 11 was not likely to succeed. *Id.* A motion to convert to a Chapter 7 bankruptcy was thereafter filed and an Order converting the case was entered on September 22, 1989. *Id.* at 4. After appointment of a Chapter 7 Trustee, debtor cooperated fully with the Trustee in connection with the review of financial data. *Id.*

On February 19, 1991, the United States Trustee filed a Motion to Disallow Compensation, but later withdrew the motion when the debtor's attorney eventually filed his Fee Application. *Id.* On March 29, a creditor filed an Objection to the Fee Application, which was later withdrawn. *Id.* at 5. Despite the withdrawal of the Objection, the Bankruptcy court went forward with the scheduled hearing on the Fee Application. *Id.* With no Objection now before the court, no one appeared for the hearing. Proceeding forward with the hearing and mindful that no objections to the Fee Application existed, the Bankruptcy court, *sua sponte*, raised objections and reduced the amount of requested attorney's fees, by order dated May 2, 1991 and entered May 6, 1991. *Id.* at 6.

On May 16, 1991, Judge Ludwig stayed the implementation of the Bankruptcy Court's order of May 6, 1991. *Id.* The appellant's are now before this court on appeal of the Bankruptcy Court's May 6 order.

## II. DISCUSSION

The issue before this court is whether a Bankruptcy Court may *sua sponte* reduce a fee request when no objections to the request have been raised. This court concludes that it cannot. Although a Bankruptcy proceeding may not be "adversarial" in the traditional sense, it clearly has an adversarial flavor with respect to requests for attorney's fees. A Fee Application submitted by a debtor's attorney may be opposed by creditors as well as the United States Trustee in charge of overseeing and supervising the administration of cases. Today Bankruptcy judges are no longer required to oversee the administration of the Bankruptcy system.

> [T]he Bankruptcy Reform Act of 1978, [11 U.S.C. § 101–151326] sought to separate the administrative duties in bankruptcy from the judicial tasks, leaving Bankruptcy Judges free to resolve dis-

putes untainted by knowledge of administrative matters, unnecessary and perhaps prejudicial to an impartial judicial determination. To accomplish these goals, the Bankruptcy Reform Act of 1978 created the U.S. Trustee Pilot Program....

H.Rep. No. 764, 99th Cong., 2d Sess. 18, *reprinted in,* 1986 U.S.Code Cong. & Admin. News 5231. The Bankruptcy Judges, United States Trustees and Family Farmer Bankruptcy Act of 1986 made the 1978 pilot program a nationwide practice. The House Report continues:

The U.S. trustees were given important oversight and watchdog responsibilities to ensure honesty and fairness in the administration of bankruptcy cases and to prevent and ferret out fraud.

*Id.*

The broad duties of the United States Trustee include "monitoring applications for compensation and reimbursement filed under § 330 of Title 11 and, *whenever the United States Trustee deems it appropriate, filing with the court comments with respect to any such application; ....*" 28 U.S.C. § 586 (1988) (emphasis added). It is clear from the legislative history and the Bankruptcy code itself that the United States Trustee is empowered with the authority to object to requests for compensation. The United States trustee assigned to oversee the instant case has decided not to file objections to the Fee Application at issue. In view of the express authority granted the United States trustee, a Bankruptcy Court should not *sua sponte* reduce a request for compensation. This is particularly so when a fee applicant has not been afforded the opportunity to address the judge's concerns.

In *Cunningham v. City of McKeesport,* 753 F.2d 262 (3d Cir.1985), a case involving the calculation of attorney's fees pursuant to 42 U.S.C. § 1988 (1982), the Third Circuit concluded that a district court in a statutory fee case may not reduce the number of hours claimed by an attorney if the adverse party has declined to "raise a material fact issue as to the accuracy of representations as to hours spent, or the necessity for their expenditure." *Id.* at 267. The court noted that a *sua sponte* reduction in

fees deprives the applicant of his entitlement "to offer evidence in support of the reasonableness of h[is] request." *Id.* The court further concluded that the adversarial nature of the litigation made a *sua sponte* reduction of fees unnecessary. *Id.*

In *Bell v. United Princeton Properties, Inc.,* 884 F.2d 713 (3d Cir.1989), the Third Circuit concluded that "the principle announced in *Cunningham* ... should extend beyond civil rights cases and apply equally to ERISA cases." *Id.* at 719. The rationale in both *Cunningham* and *Bell* has now been applied specifically in the bankruptcy context. *See In re Pendleton,* No. 90–1091, 1990 WL 29645 (E.D.Pa. March 15, 1990); *Fleet v. United States Consumer Council,* No. 89–7527, 1990 WL 18926 (E.D.Pa. Feb. 23, 1990). Both *Pendleton* and *Fleet* concluded that a bankruptcy judge may not *sua sponte* reduce a request for attorney's fees. This court is in agreement with the above cases and applies the rationale in *Cunningham* and *Bell* to a bankruptcy action in which the Bankruptcy Judge reduced the request for attorney's fees despite the absence of any objection and notice to the applicant that a hearing on the issue was going to be held.